Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

0 5      5 7 1

| United States District Court | District OF Delaware |
|---|---|

| Name (under which you were convicted): Walter L. Smith | Docket or Case No.: |
|---|---|

| Place of Confinement: Delaware Correctional Center | Prisoner No.: 246639 |
|---|---|

| Petitioner (include the name under which you were convicted) Walter L. Smith | Respondent (authorized person having custody of petitioner) v. Thomas Carroll, Warden |
|---|---|

| The Attorney General of the State of Delaware, M. Jane Brady |
|---|

FILED

AUG - 5 2

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Sussex County Superior Court, The Circle, P.O. Box 746, Georgetown, Delaware 19947

   (b) Criminal docket or case number (if you know): Case No. D105019765-R1

2. (a) Date of the judgment of conviction (if you know): March 15, 2002

   (b) Date of sentencing: May 10, 2002

3. Length of sentence: 47 years

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Attempt rape First degree; Assault First degree; Burglary First degree and wearing a disguise.

6. (a) What was your plea? (Check one)

   (1) Not guilty ☒         (3) Nolo contendere (no contest) ☐

   (2) Guilty ☐             (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

Page 2

_____ N|A _____
_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☑     Judge only ❑

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ☑  No ❑

8. Did you appeal from the judgment of conviction?

    Yes ☑  No ❑

9. If you did appeal, answer the following:

(a) Name of court: __Delaware Supreme Court__

(b) Docket or case number (if you know): __No. 291, 2002__

(c) Result: __denied__

(d) Date of result (if you know): __December 23, 2002__

(e) Citation to the case (if you know): __813 A.2d 1141; 2002 Del. Lexis 773__

(f) Grounds raised: __1. The trial judge committed reversible error
by striking the testimony of Police Officer Harold
Barber because his testimony was properly offered under
the evidentiary doctrine of "Opening the Door." And 2.
the trial judge erred by failing to instruct the jury
on lesser included offenses of Second and third degree—
Assault.__

✱

(g) Did you seek further review by a higher state court?   Yes ❑   No ☑

If yes, answer the following:

(1) Name of court: _____ N|A _____

(2) Docket or case number (if you know): _____ N|A _____

(3) Result: _____ N|A _____
_____ N|A _____

(4) Date of result (if you know): _____ N|A _____

(5) Citation to the case (if you know): _____ N|A _____

(6) Grounds raised: _____ N|A _____
_____ N|A _____
_____ N|A _____
_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❑   No ❑

If yes, answer the following:

(1) Docket or case number (if you know): _____ N|A _____

✱ (See Grounds Three And Four)

(2) Result: _____ N/A _____

(3) Date of result (if you know): _____ N/A _____

(4) Citation to the case (if you know): _____ N/A _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?
    Yes ❑  No ❑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____ N/A

        (2) Docket or case number (if you know): _____ N/A

        (3) Date of filing (if you know): _____ N/A

        (4) Nature of the proceeding: _____ N/A

        (5) Grounds raised: _____

        _____ N/A _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❑   No ❑         N/A

        (7) Result: _____

        (8) Date of result (if you know): _____ N/A

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: _____ N/A

        (2) Docket or case number (if you know): _____ N/A

        (3) Date of filing (if you know): _____ N/A

        (4) Nature of the proceeding: _____ N/H

        (5) Grounds raised: _____ N/H

        _____

        _____

        _____

        _____

_____ N/A _____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or
motion?        Yes ❏   No ❏
(7) Result: _____ N/A _____
(8) Date of result (if you know): _____ N/A _____

(c) If you filed any third petition, application, or motion, give the same information:
    (1) Name of court: _____ N/A _____
    (2) Docket or case number (if you know): _____ N/A _____
    (3) Date of filing (if you know): _____ N/A _____
    (4) Nature of the proceeding: _____ N/A _____
    (5) Grounds raised: _____ N/A _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or
motion?        Yes ❏ No ❏
(7) Result: _____ N/A _____
(8) Date of result (if you know): _____ N/A _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your
petition, application, or motion?
    (1) First petition:      Yes ❏   No ❏
    (2) Second petition:    Yes ❏   No ❏                    N/A
    (3) Third petition:      Yes ❏   No ❏

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
_____ N/A _____
_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: The verdict of the jury was against the weight of the evidence in violation of 6th & 14th Amendment rights to due-process of Law.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

First degree rape under 11 Del. C. § 773 (a)(1) require actually having sexual intercourse with the victim. In this case the petitioner is charged with "Attempt" rape in First degree under 11 Del. C. § 531 (2) which require Attempt physical insertion of penis in mouth, Anus or genitalia. The jury was never instructed on these essential elements of physical Attempt penetration of § 531 (2). According to the victim or otherwise there was no evidence that petitioner took off his clothes or ( Continue at bottom of this page below *).

(b) If you did not exhaust your state remedies on Ground One, explain why: _____
_____ N/A _____
_____

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Due to ineffective Assistance of counsel.
_____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ☑    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction pursuant To Rule 61.

Name and location of the court where the motion or petition was filed: Sussex County Superior Court, Georgetown, Delaware

* Attempted to engage in any act of physical union of his genitalia with the victim's body parts. Trial counsel did not object to this constitutional error which also violate the 8th Amendment. ( See Petitioner's Postconviction Memorandum of Law pg. 29 thru 36 Exhibit-A ).

Docket or case number (if you know): _010501 9765 - RI_

Date of the court's decision: _April 7, 2004_

Result (attach a copy of the court's opinion or order, if available): _Grounds One & two were procedurally barred and all other claims were denied. (see reverse side of this page for discussion on claims procedurally barred). The Superior Court's decision is attached hereto._

(3) Did you receive a hearing on your motion or petition?

  Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

  Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Delaware Supreme Court_

Docket or case number (if you know): _No. 202, 2004_

Date of the court's decision: _August 13, 2004_

Result (attach a copy of the court's opinion or order, if available): _Appeal denied for failure to file timely Notice of Appeal. (See reverse side of page 10 for discussion on default of appeal). The Supreme Court's decision is attached hereto._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N/A_

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

GROUND TWO: _Ineffective Assistance of Counsel for Failure to properly investigate and Failure to object to State's use of race as a basis for peremptory challenge in violation of 6th and 14th Amendment rights. The ineffective claim cover Ground One for Failure to object._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_1) Trial counsel Failure to properly investigate prior to trial prejudice petitioner's entire defense theory that there were two other persons involved with crime and other person perpetrated sexual assault on victim which evidence could have supported one of the lesser included offenses of all crimes and instructions thereto that were rejected for burglary and assault in lesser degrees. 2). Counsel Failed to investigate the sworn averments in officer Barber's report about sexual penetration of victim prior to interviewing victim who did not speak English. To cover up his fraudulent intents, the nurse Tracie Roberts who examine victim at hospital claim that victim gave an account of incident through an interpreter in which officer Barber try to claim was the basis of his_

(continue next page.)

### The Insufficient Evidence Claim And Batson Claim Are Not Procedurally Barred

The Superior Court's decision is the last State Court ruling on the merits of petitioner's postconviction motion. (See Super. Ct. Ruling pg. 1 thru 5). The Superior Court wrongfully concluded that the insufficient evidence and Batson claims were procedurally barred pursuant to Super. Ct. Rule 61(i)(3).

However the "cause and prejudice" elements of rule 61 (i)(3) is consistent with Strickland v. Washington, 466 U.S. 668 (1984). Thus, under Strickland and Rule 61(i)(3) a claim of ineffective assistance of counsel automatically establish "cause", and "prejudice" becomes the only issue for the court to determine. Moreover, the Superior Court's decision clearly point out that petitioner brought all his claims under an allegation of ineffective assistance of counsel. (See Super. Ct. Ruling pg. 3).

Wherefore the Superior Court's contradicting decision negates any sufficient bases to preclude the Federal Court from reviewing petitioner's insufficient evidence and Batson claims on the merits.

### The Superior Court Addressed The Merits Of The Insufficient Evidence Claim And Batson Claim

① Furthermore in wrongfully concluding that these two claims were barred, the Superior Court did address the merits. (See Super. Ct. Ruling pg. 2 & 3). In addressing whether the evidence was sufficient to support a conviction of attempt rape in the first degree, the Superior Court cited factors supposedly alleged by the victim which is totally inconsistent with the elements defining first degree rape under 11 Del. C. § 773(a) and attempt rape under 11 Del. C. § 531(2). (See Super. Ct. Ruling pg. 2). In further support of this claim see pages 29 thru 36 of petitioner's memorandum to Rule 61 Motion for Postconviction Relief Exhibit A ). The victim's description on cross-examination of what happen is the only evidence of the

(continue on back of page 8)...

False reports, but the times of Nurse Roberts' report conflicted with that of Officer Barber's. The victim's trial testimony contradicted the accounts of Officer Barber and Nurse Roberts. Both Officer Barber and Nurse Roberts were States primary witnesses to prove essential elements of crime of rape and assault. Attacking their credibility on cross-examination were crucial. Thus the unknown Interpreter whom Nurse Roberts claim interpret victim's story to her was never identified. ( continue at bottom of this page below * ).

(b) If you did not exhaust your state remedies on Ground Two, explain why: 

N/A

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Due to ineffective assistance of counsel.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction pursuant to Rule 61.

Name and location of the court where the motion or petition was filed: Sussex County Superior Court, Georgetown, Delaware

Docket or case number (if you know): 0105019765 - R1

Date of the court's decision: April 7, 2004

Result (attach a copy of the court's opinion or order, if available): Grounds one & two were procedurally barred and all other claims were denied. ( See reverse side of page 7  For discussion on claims procedurally barred ). The Superior Courts decision is attached hereto.

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court.

* This Interpreter (if ever existed) could have provided powerful impeachment evidence of States witnesses and victim whom credibility was in doubt. 3). Counsel failed to object to state's securing an all white jury by striking only black person left on the panel. The prosecution used two of its peremptory challenges, one against black juror and one against elderly juror who required to be removed for cause due to age. ( See Petitioner's Postconviction Memorandum of Law in support hereto Exhibit 4 - A ).

intent element of § 531(2), and without more, is totally insufficient to sustain petitioner's conviction for first degree attempt rape.

(2)  In addressing the Batson claim the Superior Court, not only applied the wrong standard of law, but it also denied petitioner to obtain and inspect the documents cited for the basis of the Court's decision relevant to issue in question, i.e., the voir dire transcripts of the jury selection, the jury profile and Questionnaire & Qualification Forms. (see Super. CT. Ruling pg. 2 & 3). Petitioner was also denied an opportunity to conduct discovery to gain access to relevant statistical evidence on systematic exclusion of black people from jury service in prior criminal cases.

The petitioner can identify at least two (2) other trials prior to his trial where the prosecution in Sussex County eliminated all black people from the jury which involve the cases of Ralp Reed and Michael Bartley. Petitioner don't have access to the exact citations of Mr. Reed and Mr. Bartley cases, but these cases support purpeseful discriminatory intent of the prosecution.

The fact the that prosecution struck the only black juror resulting in an all white jury raise an inference of purposeful discriminatory intent to invoke the Three-Step inquiry of BATSON as recently reaffirmed in the Third Circuit Court decision of Riley v. Taylor, 277 F.3d 261 (3d. Cir. 2001). However the Superior Court never applied this governing principle of law to the prima facie case shown here. Yet, the Superior Court applied the wrong standard of law ... stating that; "the defendant's claim is based on the single use of a peremptory challenge of an African American"; "There is no basis to conclude a Batson violation occurred". (See Super. CT. Ruling pg. 3).

( continue on back of page 9 )

Docket or case number (if you know): No. 202, 2004

Date of the court's decision: August 13, 2004

Result (attach a copy of the court's opinion or order, if available): Appeal denied For Failure to File timely Notice OF Appeal. (see reverse side oF page 10 For discussion on default oF appeal). The Supreme Court's decision is attached hereto.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

GROUND THREE: The trial court abused its discretion For Failure to instruct jury on lesser included offenses of assault & burglary in second and third degree in violation OF 14th Amendment to due process OF Law.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Contrary to Delaware Supreme Court's unreasonable ruling, regardless of what the elements of burglary and assault in the First degrees require as proof that these crimes were committed, however under Delaware Law 11 Del.C. § 271 and 274 For accomplice liability whenever there is rational basis in the evidence of co-conspirators participation each perpetrator must be held   (Continue at bottom of this page below*).

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____ N/A

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐ (See Petitioner's Direct Appeal Brief & Appendix)

(2) If you did not raise this issue in your direct appeal, explain why: _____ N/A

* Accountable For their individual role in crime as determined by the jury. At trial the petitioner testified that the purpose to commit burglary was to commit crime of theft, not rape (the intended crime in the burglary count), and while in the Furtherance OF underlying crimes his co-conspirator caused the serious physical injuries to the victim as alleged in the assault count. Under these circumstances it was abuse of discretion For trial court not to give lesser included offense instructions of second degree burglary and second and third degree assault.   Pg. 9

Contrary to the STATE Court's incorrect ruling see Jones v. Ryan, 987 F.2d 960, 974-75 (3d Cir. 1993) (reversing denial of petition of habeas corpus where race was a factor in exclusion of one juror); and Harrison v. Ryan, 909 F.2d 84, 88 (3d. Cir), cert. denied, 498 U.S. 1003 (1990) (holding that exclusion of one Black juror from jury on the basis of race is sufficient to require a new trial pursuant to Batson). (See Petitioner's Postconviction Memorandum of Law Pg. 23 to 36 and 41 thru 44, Exhibit-A ).

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ❑    No ❑        N/A

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ N/A

Name and location of the court where the motion or petition was filed: _____ N/A

_____

Docket or case number (if you know): _____ N/A

Date of the court's decision: _____ N/A

Result (attach a copy of the court's opinion or order, if available): _____ N/A

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑    No ❑        N/A

(4) Did you appeal from the denial of your motion or petition?

Yes ❑    No ❑        N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑        N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A

_____

Docket or case number (if you know): _____ N/A

Date of the court's decision: _____ N/A

Result (attach a copy of the court's opinion or order, if available): _____ N/A

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ N/A

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: ___ N/A

_____

_____

PAGE 10

## Postconviction Notice Of Appeal Was Timely Filed Within 30-days

The Delaware Supreme Court rejected petitioner's Appeal pursuant to Supr. C. Rule 6(iii) as untimely Filed within 30-days limitation. Due to this independent State procedural rule the Supreme Court did not review the merits of petitioner's postconviction relief claims. Thus the Superior Court's decision of April 7, 2004 is the last State Court's ruling on the merits. (See Supreme Court's August 13, 2004 decision Exhibit-B And Superior Court's April 7, 2004 decision Exhibit-C). However the Delaware Supreme Court's rejection of petitioner's Appeal as untimely is incorrect For several reasons: First, the Supreme Court begin the 30-days calculation From the Actual date on the Superior Court's decision of "April 7, 2004", which means that the Notice of Appeal must be Filed in the Supreme Court on or before May 7, 2004. But petitioner did not receive the Superior Court's decision on April 7, 2004 the day it was Filed with the Clerk. The Superior Court's decision did not arrive to the prison until a couple days later in which petitioner signed a prison log As receiving it on April 9, 2004 or April 10, 2004. (The District Court must direct Respondent Carroll to produce the legal mail-logs between the dates of April 7th and 10th of 2004 For inspection).

The Courts cannot start the 30-days calculation until petitioner is given Actual Sufficient Notice of the Superior Court's decision. The prison's legal mail log will verify that petitioner did not receive the Superior Court's decision until May 9, 2004 between 9 pm and 10 pm At night.

(Continue on back Of page 11)

Page 11

GROUND FOUR: The trial court abused its discretion by striking relevant testimony of Police Officer violated Petitioner's right to due process of the 14th Amendment and 6th Amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As alleged in Ground Two above there is evidence that Officer Barber made false statements in police reports that victim was actually penetrated sexually by perpetrator of crime prior to ever interviewing victim. In an attempt to cover up Officer Barber's Fraudulent intent and to save the case from being dismissed, the nurse Tracie Roberts Falsely claim that victim, who do not speak english, gave an account of the incident through an Interpreter which officer Barber rely (Continue at bottom of this page below *).

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____
_____ N/A _____
_____
_____
_____

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐ (See Petitioner's Direct Appeal Brief & Appendix).

(2) If you did not raise this issue in your direct appeal, explain why: _____ N/A _____
_____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____
Name and location of the court where the motion or petition was filed: ____ N/A ____

Docket or case number (if you know): _____ N/A _____
Date of the court's decision: _____ N/A _____
Result (attach a copy of the court's opinion or order, if available): _____ N/A _____
_____
_____

(3) Did you receive a hearing on your motion or petition?        N/A
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?        N/A
Yes ☐   No ☐

* on for the basis of his report. The Interpreter was never identified. When petitioner's trial counsel attempted to question Officer Barber about the improprieties of his conduct, the trial judge impermissibly interrupted and prevented any further cross-examination on this issue which was the proper subject of Del. Rule of Evid. 401, 402 and 403 for impenchment purposes of all State's witnesses and the victim who account of crime was very questionable.

So technically pursuant to Super. CT. Civ. Rule 59 (e) the first of the thirty (30) days to file a motion for reargument or Notice of Appeal is April 10, 2004 or April 11, 2004 (the day of receipt don't count). Thus, the deadline for petitioner's Notice of Appeal was May 10th or 11th of 2004, not May 7, 2004 as the Delaware Supreme Court wrongfully concluded.

Second, the Supreme Court note in its August 13, 2004 decision on page 2 paragraphs 4 and 5 that it adopted a general rule of excusable neglect for untimely Notice of Appeals attributed to Court-related personnel. Also the limitation of time in 10 Del. C. § 146 does not apply against a defendant who is mentally incompetent providing for excusable. (See Committee Commentary to Supr. CT. Rule 6).

Furthermore the Delaware Supreme Court generally apply the rule of excusable neglect where an attorney fail to file a Notice of Appeal on behalf of a defendant within the 30-days allotted time period. The Supreme Court remedy this excusable neglect by remanding the case back to the Superior Court for re-sentencing to provide the defendant an additional 30-days extension to file a timely Notice of Appeal. See Gibson v. State, Del. Supr. CT. No. 94, 1995. Thus, the "incompetent person" rule of 10 Del. C. § 146 can be applied to persons such as petitioner who are acting pro se and was not represented by competent counsel in the Court below. These legal terms govern the principles of excusable neglect under Federal law and the "general Mail Box Rule" extending thereto as an equitable remedy. See Fallen v. United States, 378 U.S. 139, 84 S. CT. 1689, 12 L. Ed. 2d 760 (1964);

(Continue on back of page 12)

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑                               N | A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N | A _____

_____

Docket or case number (if you know): _____ N | A _____

Date of the court's decision: _____ N | A _____

Result (attach a copy of the court's opinion or order, if available): _____ N | A _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ N | A _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____ N/A _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☑  No ❑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____ N | A _____

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____ N/A _____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ❑  No ☑

Houston v. Lack, 487 U.S. 266, 108 S.CT. 2379, 101 L.Ed. 2d 245 (1988); United States v. Hooper, 9 F.3d 257 (2d Cir. 1993) and Richard v. Ray, 290 F.3d 810 (6th Cir. 2002).

In reaching the conclusion of the excusable neglect rule the Federal Court identified several concerns particular to the incarcerated petitioner without counsel: 1) the petitioner's inability to control the notice of appeal after it has been delivered to prison officials, 2) the petitioner's lack of legal counsel to institute and monitor the process, and 3) any incentive on the part of prison authorities to delay a pro se petitioner's filing beyond an applicable time limit. Ray, 290 F.3d at 812-813 (citing Houston v. Lack, at 270-272, 108 S.CT. 2379). Thus the Delaware Supreme Court's implicit and explicit principle application of excusable neglect are consistent with the Federal "bright line Rule." Houston, at 275-276, 108 S.CT. 2379.

Third, the bright line rule must apply in this case where the petitioner acting pro se without "competent" legal counsel has no control over his notice of appeal after mailing it on May 5, 2004, five (5) days prior to the due date of May 10, 2004, but however the prison authorities confirm that they did not mail out any legal mail between May 1, 2004 and May 8, 2004, thus satisfy any incentive on the part of prison authorities (Respondent Carroll) to delay a pro se prisoner's filing beyond an applicable time limit.

(Continue on back of page 13)

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. ___N/A___

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ❑    No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____N/A_____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: ___don't Know or NO preliminary was held.___

   (b) At arraignment and plea: ___don't Know___

   (c) At trial: ___Karl Haller Assistant Public Defender, Office of The Public Defender 14 The Circle, GeorgeTown, Del.___

   (d) At sentencing: ___Same___

   (e) On appeal: ___Same___

   (f) In any post-conviction proceeding: ___pro se___

   (g) On appeal from any ruling against you in a post-conviction proceeding: ___pro se___

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?         Yes ❑    No ☑

Here, as in the cases cited above, prison officials admit that there was a defect in the outcoming mailing service which could be easily seen between the date petitioner mailed his notice of appeal on May 5, 2004 and date on which the Clerk of Delaware Supreme Court received it on May 13, 2004, some eight (8) days later, and two (2) days pass the deadline of May 10, 2004.

So even if petitioner mailed his notice of appeal on May 1, 2004 (10-days in advance of the due date) it still wouldn't be timely because prison officials admitted that they neglected to process any outcoming mail until May 8, 2004 — And this date is questionable due to the post-stamp of the Delaware Supreme Court's receipt of the notice of appeal on May 13, 2004 four (4) day later.

Under Harris v. Reed, 489 U.S. 255 (1989) and Coleman v. Thompson, 501 U.S. 722 (1991) the Delaware Supreme Court's decision on whether or not petitioner's notice of appeal was filed in a timely manner is not based upon a sufficient application of an adequate and independent state court procedural rule.

Wherefore due to excusable neglect rule under the exceptional circumstances shown above, the petitioner shall be permitted to proceed on the merits of his claims for relief on Federal habeas corpus.

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ N/A _____

(b) Give the date the other sentence was imposed: _____ N/A

(c) Give the length of the other sentence: _____ N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ❑  No ❑    N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: Rule that there were no procedural default of the Batson & Insufficient Evidence Claims and no default of the Notice of Appeal. Grant Evidentiary hearing of the Batson Claim or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _Aug 2 2005_ (month, date, year).

Executed (signed) on _Aug 2 2005_ (date).

_____
Signature of Petitioner

---

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____ N/A _____

_____

## IN FORMA PAUPERIS DECLARATION

_____ N/A _____

[Insert appropriate court]

\* \* \* \* \*

Pre-paid Filing Fees



IM Walter L. Smith

SBI# 246639 UNIT MHU, Bldg. 2

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

Clerk's Office

U.S District Court

844 King Street

Wilmington, Delaware

19801