SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. Henley Graves
*Resident Judge*

SUSSEX COUNTY COURTHOUSE
THE CIRCLE
P.O. BOX 746
GEORGETOWN, DE 19947
(302) 856-5257

April 7, 2004

N440
Walter L. Smith
SBI #00246639
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

    RE:    Case No. 0105019765-R1

Dear Mr. Smith:

On December 24, 2003, Mr. Smith filed a motion for post conviction relief pursuant to Superior Court Criminal Rule 61.

Following a jury trial the defendant was found guilty on March 14, 2002, of the offenses of attempted rape in the first degree, assault in the first degree, burglary in the first degree, and wearing a disguise during the commission of a felony. The jury found him not guilty of the possession of burglary tools. With the benefit of a presentence investigation, and based upon the defendant's history, the court sentenced him to a period of 36 years of incarceration to be followed by probation.

The defendant filed an appeal and his convictions were affirmed. <u>Walter L. Smith, Sr., v. State of Delaware</u>, Del. Supreme No. 271, 2002, Veasey, CJ (Dec. 23, 2002) Two issues were raised on appeal, neither of which are relevant to the present application.

## FACTUAL BACKGROUND

The victim testified she was sleeping alone when she was awoken in the middle of the night by an intruder wearing a black coat, black gloves and a mask. She was severely beaten. She played dead several times. During one occasion the intruder removed her pajama pants and underwear, grabbed her breast and tried to insert his hand into her vagina. She kept her legs pressed tightly together. He placed something believed to be Vicks vapor rub between her buttocks, causing her to feel a burning sensation. Then he left her bedroom and she heard drawers being opened in the kitchen. She called "911".

Ex. C

Smith testified he went to the apartment with two other individuals to commit a burglary. He knew who lived in the apartment. He waited outside, but subsequently entered the apartment. He admitted hitting a person who was under a blanket, but stopped and left when he realized it was a woman.

The victim testified she saw only one person in her apartment.

The defendant was arrested later due to investigation and luck. Prescription eye glasses left in the bedroom were traced to him. This then led to a DNA match.

The Court requested that trial counsel answer defendant's allegations by way of a Rule 61(g) affidavit. Trial counsel did this. Defendant was given an opportunity to respond, but he did not.

## PROCEDURAL BARS

In Ground Two the defendant alleges many claims of ineffective counsel. These are not barred as this is defendant's first opportunity to raise them.

In Ground One the defendant alleges there was insufficient evidence for the jury to conclude there existed an intent to rape, to commit sexual intercourse. This claim is procedurally barred under Supreme Court Criminal Rule 61(i)(3). Defendant has offered no reason or cause as to why this issue wasn't raised on appeal. Defendant claims he wasn't consulted about the appeal but in his attorney's Rule61(g) affidavit it is reported that the attorney reviewed with Mr. Smith potential issues for appeal, but "insufficient evidence" wasn't considered by the attorney, nor did the defendant raise it. The defendant was given an opportunity to file a Rule 61(g) affidavit but did not do so. There has been no cause shown why this wasn't addressed on appeal. Nor has there been any prejudice shown, and this is probably why this claim wasn't included in the appeal. What a person is intending "to attempt" frequently can only be determined by inference, unless the person states his intention. There were allegations of taking off the victim's pajamas and underwear, groping her breast, attempting to get his hands between her legs and into her vagina. This was evidence in which the defendant's intent could be inferred by the jury, and the jury could reasonably conclude there was a course of conduct leading toward having sexual intercourse. There was evidence to support his conviction of attempted rape. This claim is procedurally barred.

Ground Three is an allegation that the State used a preemptory challenge based on race alone, in violation of Batson v. Kentucky, 476 U.S. 79 (1986). This ground is procedurally barred as it was not raised at trial nor on appeal. There has been no showing of cause for the failure to raise and preserve the claim, nor has there been a showing of prejudice under Rule 61(i)(3). In trial counsel's Rule 61(g) affidavit he reports he is familiar with Batson and would have objected if he believed a violation occurred. He also reports the defendant was very active in the jury selection process and had there been a concern it would have been raised.

This claim appears to be made on the defendant's mistaken belief that the State had no information to base its preemptory challenge other than observing the juror. Both the State and Defense have the majority of information the juror provides in the jury profile or questionnaire. Both sides have the opportunity to gain further information, such as a person's criminal record, if they so choose.

The defendant's claim is based on the single use of a preemptory challenge of an African American. There is no basis to conclude a Batson violation occurred. Therefore, there is no prejudice. This claim is procedurally barred.

### CLAIMS OF INEFFECTIVE COUNSEL

In Ground Two the defendant alleges that his attorney was ineffective in many different ways. He alleges both individually and cumulatively his attorney's ineffective assistance of counsel prejudiced his right to have a fair trial. The majority of his comments are rambling and conclusory. As best I can determine, his allegations of ineffective assistance of counsel are as follows:

a. His attorney was ineffective for failing "to call any attention to and properly investigate testimony that would have been favorable to him" (the defendant).
b. He failed to conduct a reasonable investigation including an interview of the victim, thereby failing to see the victim's testimony was "fixed".
c. He never developed a trial strategy and was unprepared.
d. He did not object to a black being struck from the jury.
e. He just was not aggressive enough.
f. There was insufficient evidence for the defendant to be convicted of attempted rape in the first degree, and defense counsel did not raise this on appeal.

In order for the defendant to prevail on a claim of ineffective assistance of counsel he must establish both that his attorney's performance fell below an objective standard of professional competence; and, but for the unprofessional errors, there was a reasonable probability that the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668 (1984) If the defendant fails to establish either deficient performance by his attorney or prejudice impacting the jury's verdict, then the claim fails.

The claims based on Batson and insufficiency of evidence have been decided already. I've determined there was no deficient performance nor prejudice, so these claims are denied.

The defendant alleges that his attorney failed to properly make an investigation in this case in failing to find evidence which would have been favorable to him. The defendant cites the testimony of Tracy Roberts as an example. Ms. Roberts is a registered nurse working at Beebe Hospital. She has a certification as a sexual assault nurse examiner. After a doctor had finished treating the victim in the emergency room, Ms. Roberts then spent several hours with her gathering physical evidence concerning the allegations of sexual assault. She gathered evidence of the bruises, cuts, etc. She also interviewed the victim with the benefit of an interpreter

because the victim spoke only Spanish. The defendant alleges that during this interview the victim made contradictory statements that were used to convict the defendant and not used to prepare his defense. The defendant does not provide any proof of these allegations.

During the trial testimony of Ms. Roberts the State did not ask what Ms. Soto informed her by way of the interpreter, as to the allegations of a sexual assault. Her testimony was limited to her physical observations of the victim, i.e. photographing bruises and other injuries and gathering evidence. I believe the State recognized the evidentiary problems existing as (i) these statements were not made for purposes of treatment as they took place many hours after the doctors had examined and treated her; and (ii) there would be difficulties in complying with 11 Del.C. 3507 and the relevant case law when interpreters are used. Diaz v. State, Del. Supreme, 743 A2d, 1166 (1999)

Had Ms. Roberts testified as to what the victim told her happened, I have no way of determining if it would have helped or not helped the State or the defendant. It is not a part of the record, and again, there has been no proffer by the defendant. Therefore, the defendant must fail as to the prejudice prong under Strickland. He has not shown that, even if his trial attorney had conducted a more thorough investigation and/or examination of Ms. Roberts, there would have been favorable testimony which impacted the trial result. This claim is denied.

Likewise, the defendant claims that his attorney was ineffective because he failed to interview other witnesses who allegedly would have provided testimony that would have contrasted the victim's trial testimony and contradicted other versions she told the other witnesses. By way of example, the defendant alleges that Dr. Maribel Garcia-Zaragoza would have testified that the victim said that the assailant "tried to unbutton his pants". The defendant contrasts this to the victim's trial testimony about doing something with his belt. The defendant makes the allegation that Dr. Garcia-Zaragoza would have testified to the above, but he does not state the basis for making these allegations. There is no report attached to the Rule 61 indicating that it was a part of the investigation, nor is there any affidavit from the doctor. Also, assuming the doctor could have testified to such allegations, both the State and the defense were aware of the court's concern that any testimony elicited pursuant to 11 Del. C. 3507 must meet the Diaz test.

Under 11 Del.C. 3507 there is a requirement that the witness report exactly what was said by the declarant. The Diaz decision provided guidance in cases where the declarant does not speak English. The person communicating with the declarant must be proficient in the declarant's language so as to assure the person understands what the declarant is reporting.

The defense did call Officer Pedro Consuegra as a defense witness to impeach the victim. He is a police officer who is bilingual in English and Spanish. He was asked to assist the Milton police as a translator. He reported she said the assailant attempted to pull his zipper down, and she said nothing about the belt.

I conclude that the defendant has not shown deficient performance by his attorney. The defendant has not provided the Court a basis to conclude his defense attorney was deficient. The record establishes that his attorney attempted to impeach the victim's trial testimony by way of Officer Consuegra. I note defense counsel was able to do this in mid-stream as he did not know what the victim's trial testimony would be. Nor do I find any prejudice to the defendant based on the overwhelming evidence in this case. An attack on the victim's credibility based on whether she reported he was unbuttoning his pants versus unzipping his pants, or doing something with his belt, would not have changed the result of this trial. The damaging evidence was that this lady was severely beaten and sexually assaulted in her dark bedroom by an assailant who was masked. Her credibility was not the critical issue in the defendant's conviction. It was his identification through the eyeglasses and DNA.

In trial counsel's Rule 61(g) affidavit, he addresses the defendant's claim as to interviewing the victim. There were numerous efforts by the defense to interview the victim. She was either not home, didn't want to see the defense investigator, or in Puerto Rico. Trial counsel made reasonable efforts to interview this person prior to trial. Trial counsel efforts were not deficient.

In trial counsel's Rule 61(g) affidavit he reviews the contacts and communications with the defendant. Trial counsel maintained a steady stream of communication with the defendant. There is no factual basis to the claim that the defendant's case was essentially ignored, or that trial counsel didn't keep him informed, or that trial counsel had not prepared for trial. The affidavit also establishes there was reasonable communication with the defendant as to the appeal issues and defendant received copies of the briefs. Trial counsel was not deficient and defendant has not established prejudice.

I find the claim that trial counsel was not aggressive enough to be frivolous. A defendant is entitled to zealous counsel and that doesn't mean an attorney must be aggressive or have an "attitude" against the State.

In summary, I find that counsel did an effective job with the cards he was dealt. He wasn't effective in the defendant's eyes as it didn't result in an acquittal, but that result was improbable in view of the victim's testimony, the DNA testimony, and the eyeglasses' connection. Trial counsel's performance was not deficient in the manner alleged by the defendant. The defendant has not shown that any of the alleged errors would have probably altered the outcome of the trial. The claims based on ineffective assistance of counsel are denied.

The Rule 61 motion for post conviction relief is denied.

Very truly yours,

Judge T. Henley Graves

oc: Prothonotary
cc: Karl Haller, Esquire
    Department of Justice