## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WALTER L. SMITH,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-571-SLR |
| | : | |
| **THOMAS CARROLL**, Warden | : | |
| and **M. JANE BRADY**, Attorney | : | |
| General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

### <u>ANSWER</u>

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On March 15, 2002, the petitioner, Walter L. Smith, was convicted by a Delaware Superior Court jury of attempted first degree rape, first degree burglary, and wearing a disguise during the commission of a felony. Smith's convictions and sentence were affirmed on appeal. *Smith v. State*, No. 271, 2002, 2002 WL 31873704 (Del. Dec. 23, 2002). In December 2003, Smith moved the Superior Court for postconviction relief under Criminal Rule 61. *See* Del. Super. Ct. Dkt. Item 79 in ID No. 0105019765. On April 7, 2004, Superior Court denied Smith's motion. Smith's appeal of the Superior Court's decision was dismissed as untimely. *See Smith v. State*, No. 202, 2004, 2004 WL 1874668, *1 (Del. Aug. 13, 2004). Smith's federal habeas petition is dated Aug. 2, 2005. D.I. 1.

### <u>Facts</u>

The relevant facts of this case, as noted by the Delaware Supreme Court in *Smith*, 2002 WL 31873704 at *1, are as follows:

[] Smith conspired with two other men to burglarize the apartment of Pedro and Yoselyn Soto. on May 22, 2001, at approximately 1:00 a.m., Yoselyn Soto was awakened by a noise in her bedroom and saw an intruder wearing a black coat, black gloves and a cream-colored mask. The intruder, later identified as Smith, turned off the light and put a pillow over Soto's face. Next, Smith grabbed her and threw her to the floor. When Soto asked him if he wanted money, he repeatedly hit her head against the floor. Smith then wrapped a sheet around Soto and continued to hit her. Soto pretended to be dead several times in an attempt to stop the beating.

[] During one of the times when Soto pretended to be dead, Smith removed her pajama pants and underwear, grabbed her breasts and tried to insert his hand into her vagina. When Soto attempted to cover herself, Smith turned her over and inserted his hand between her buttocks until she began to feel a burning sensation, as if he had penetrated her with his fingers. Finally, Smith left the bedroom and went into the kitchen where Soto heard him opening drawers. She was then able to dial 911. Smith was later arrested and charged with Attempted Rape in the First Degree, Assault in the First Degree, Burglary in the First Degree, Wearing a Disguise during the Commission of a Felony, and Possession of Burglar's Tools. He was convicted of Attempted Rape in the First Degree, Burglary in the First Degree, and Wearing a Disguise during the Commission of a Felony.

<u>Discussion</u>

In his federal habeas petition, Smith presents the following claims: (1) there was insufficient evidence presented at trial to convict him of attempted first degree rape; (2) counsel provided ineffective assistance by failing to investigate, by failing to raise a *Batson*[1] claim, and by failing to raise a sufficiency of the evidence claim at trial and on appeal; (3) the jury should have been instructed on the lesser-included offenses of second and third degree assault and second degree burglary; and (4) Officer Barber's testimony regarding his police report of the incident should not have been stricken by the trial court. D.I. 1. Smith's claims, however, are unavailing.

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

*Untimely claims*

Smith is not entitled to relief because the claims presented in his petition are untimely under 28 U.S.C. § 2244(d). Because Smith's petition was filed in August 2005, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). Smith does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable. Thus, the one-year period of limitations began to run when Smith's conviction became final under § 2244(d)(1)(A). *See, e.g., Gibbs v. Carroll*, 2004 WL 1376588, *2 (D. Del. June 17, 2004). By the terms of § 2244(d)(1), as amended by AEDPA, a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998). The Delaware Supreme Court affirmed Smith's conviction and sentence on December 23, 2002. *Smith*, 2002 WL 31873704 at *3. Although Smith did not seek review by the United States Supreme Court, the ninety-day period in which he could have filed a petition for a writ of certiorari expired on March 24, 2003. *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999) (holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Smith thus had until March 25, 2004, to file his federal habeas petition without running afoul of § 2244(d). *See, e.g., Samuel v. Carroll*, 2004 WL 1368845 (D. Del. June 9, 2004); *Morales v. Carroll*, 2004 WL 1043723 (D. Del. Apr. 28, 2004). Smith's petition, dated August 2,

2005, is obviously filed past the March 2004 deadline.[2] The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

In turn, the tolling mechanism of § 2244(d)(1) does not save Smith's petition from the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. Although Smith's postconviction motion acted to toll the limitations period, an aggregate period of more than the one-year limitations period elapsed, and his claims are time barred. In the first instance, 274 days elapsed after March 24, 2003, the date after which the limitations period started to run, before Smith filed a state postconviction motion in the Delaware Superior Court on December 24, 2003. *See* Del. Super. Ct. Crim. Dkt. Item 79. The court denied the motion on April 7, 2004. Although Smith appealed from the denial of postconviction relief, the Delaware Supreme Court dismissed the appeal as untimely. *See Smith*, 2004 WL 1874668 at *1. The limitations period was tolled during the pendency of Smith's postconviction action, and for the thirty days after the denial of the motion during which time Smith could have filed a notice of appeal. *See Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). Thus, the limitations period was tolled from December 24, 2003, through May 7, 2004, the date the thirty-day period for filing an appeal expired;[3] the one-year period of limitation was not tolled while petitioner's untimely appeal was

---

[2] *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (same); *Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing).

[3] *See Smith*, 2004 WL 1874668 at *1 (noting that a timely notice of appeal had to be filed by May 7, 2004).

4

before the state supreme court. *See Eley v. Snyder*, 2002 WL 441325, \*2-3 (D. Del. Mar. 21, 2002). The limitations clock began to run again on May 8, 2004. Smith did not file another state postconviction motion or petition prior to the filing of his federal habeas petition on August 2, 2005. Thus, another 450 days ran, for an aggregate of 724 days, prior to the filing of Smith's petition. As a result, the one-year limitations period of § 2244 expired, and Smith's claims are untimely and should be dismissed.

Of course, as the Court has repeatedly noted, the limitation period might be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at \*3-4 (D. Del. Nov. 28, 2001) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Smith has failed to allege or demonstrate any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. Smith cannot credibly allege that the legal arguments or facts were unavailable to him during the limitations period. "To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance." *Wilmer v. Carroll*, 2003 WL 21146750, \*5 (D. Del. May 16, 2003); *see Simpson v. Snyder*, 2002 WL 1000094, order at \*3 (D. Del. May 14, 2002) (rejecting such an argument made by petitioner). In short, Smith's claims are untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

*Procedurally defaulted claims*

Alternatively, Smith's claims are without merit. In order to exhaust state remedies, Smith must have presented to the state courts the legal and factual basis of the claims which he presents to

the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). A petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, *2 (D.Del. Dec. 22, 2000). "It is not necessary, however, that the state's highest court decide petitioner's claims on the merits before those claims can be considered exhausted." *Kirby v. Delaware Via Detainer*, 2001 WL 641729, *3 (D. Del.) (citations omitted). Smith presented his claim that there was insufficient evidence to convict him of attempted first degree rape and his claims of ineffective assistance of counsel in his state postconviction motion, but he failed to timely appeal the Superior Court's denial of the motion. *See Smith*, 2004 WL 1874668 at *1. The Delaware Supreme Court's denial of Smith's appeal as untimely "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Thus, Smith's first two claims are exhausted, but procedurally barred. *See Kirby*, 2001 WL 641729, *3 (denying petitioner's claim as procedurally barred where the state supreme court rejected petitioner's appeal as untimely).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750-51; *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice

6

under the cause and prejudice standard, a "petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Smith has alleged ineffective assistance of counsel as cause for his failure to raise his sufficiency of the evidence claim on direct appeal from his conviction. Further, Smith alleges that he was prevented from timely docketing his appeal from the denial of his postconviction motion by prison officials who failed to timely mail his appeal. In the first instance, an allegation of constitutionally ineffective assistance of counsel as cause for a procedural default in state court must itself be independently exhausted. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000); *Carrier*, 477 U.S. at 488-89. As noted above, Smith's ineffective assistance claims have not been exhausted. In addition, the state supreme court's finding that Smith's failure to file a timely notice of appeal was not attributable to court-related personnel, and thus did not fall within the exception to the general rule mandating the timely filing of a notice of appeal, rests on state law and is not cognizable on federal habeas review. *See Coleman*, 501 U.S. at 729. Thus, Smith has failed to establish cause for his procedural default in state court, and his claims can be dismissed on that basis alone. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del. Mar. 31, 2004). *See also Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing cases).

*State law claim*

Smith's third claim for relief is not cognizable in federal habeas review. In this third claim, Smith contends that the trial court abused its discretion by failing to instruct the jury on the lesser-

included offenses of second and third degree assault and second degree burglary. D.I. 1 at 9. Smith presented the claim to the state supreme court on direct appeal. Nevertheless, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001).

"[J]ury instructions in State trials are matters of state law . . . reviewable by a federal court on collateral attack where the instruction violates specific federal constitutional standards imposed on the states through the due process clause of the Fourteenth Amendment." *Hallowell v. Keve*, 555 F.2d 103, 106 (3d Cir. 1977) (citations omitted). There is no federal constitutional right to lesser-included offense instructions in a non-capital case. *McLaughlin v. Carroll*, 270 F. Supp.2d 490, 516 (D. Del. 2003) (citing *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975)). This case was not a capital case, and thus Smith's allegation that because he testified that his intent was only to commit the crime of theft, and his co-conspirators inflicted the serious physical injuries upon the victims, that the lesser-included offense instructions should have been given is simply not cognizable on federal habeas review. *See id.* at 516-17. This claim should be dismissed.

*Stricken testimony claim*

Smith's fourth claim asserts that a police officer's testimony concerning his police report should not have been stricken from the record. D.I. 1 at 11. In federal habeas, it is the petitioner who bears the burden of establishing that the exhaustion requirement has been satisfied. *Landano*, 897 F.2d at 668; *Flamer v. Chaffinch*, 827 F. Supp. 1079, 1099 (D. Del. 1993), *aff'd*, 68 F.3d 710 (3d

8

Cir. 1995), *cert. denied*, 516 U.S. 1088 (1996) (citations omitted). "If the state courts are to be given

the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to

the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513

U.S. at 365. Thus, if a petitioner presented a claim to a state court only on state law grounds, and not

on federal constitutional grounds, he has failed to exhaust state remedies. *Id.*; *Dawson*, 988 F. Supp.

at 809. Further, the "petitioner's state court pleadings and briefs must demonstrate that he has

presented the legal theory and supporting facts in his federal habeas petition." *Doctor v. Walters*, 96

F.3d 675, 678 (3d Cir. 1996).

Smith presented on direct appeal his claim that the officer's testimony concerning his report

should not have been stricken by the trial court. His argument was that the defense opened the door

to the evidence at issue without objection from the prosecution. Instead, the state prosecutor asked

the witness additional questions concerning the report. Smith contends that his counsel was

attempting to demonstrate that the "police report was prejudiced against the defendant because it

assumes what crime had been committed without a proper investigation into the matter." Appellant's

Op. Br. at 12 in Del. Supr. No. 271, 2002. Smith did not mention any constitutional or federal law in

his argument. The brief filed in the Delaware Supreme Court by state prosecutors does not reveal

any indication that prosecutors viewed Smith as having raised any federal issue in this regard. *See*

State's Ans. Br. at 9-15 in Del. Supr. No. 271, 2002; *see also Brown v. Cuyler*, 669 F.2d 155, 159 (3d

Cir. 1982) (state's understanding of a petitioner's argument, as reflected in its brief before state court,

is highly probative on whether a petitioner has exhausted state remedies). The trial court found that

testimony regarding why certain statements were included in a police report was prejudicial and

conclusory, rather than impeachment evidence that could potentially discredit the police officer who

included the statement in the report.  Relying on state evidentiary rules, the Delaware Supreme Court found that the trial court did not abuse its discretion by striking the prejudicial line of questioning.  *See Smith*, 2002 WL 31873704 at *2.  Thus, the record shows that Smith presented his claim regarding the stricken testimony only as a state law claim.  As a result, Smith has not met his burden of showing that he has exhausted state remedies.  *See Brown*, 669 F.2d at 158 (citing, *inter alia*, *Durkin v. Davis*, 538 F.2d 1037, 1041-42 (4th Cir. 1976) ("doubts as to whether the issue has been so presented should be resolved against exhaustion")).

If, however, there is no available state remedy, Smith is excused from the exhaustion requirement.  *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453 (D. Del. 1998).  Smith's federal claim would be procedurally barred under Superior Court Criminal Rule 61(i)(3), which provides that any claim not raised in the proceedings leading to conviction is thereafter barred unless a petitioner can establish cause and actual prejudice.  *See Dawson*, 988 F. Supp. at 804-05; *DeShields v. Snyder*, 830 F. Supp. 819, 822 (D. Del. 1993); *Flamer*, 827 F. Supp. at 1087-88.  Although Smith raised a state law evidentiary claim on direct appeal, he did not raise a federal due process claim.  To avoid the bar of Rule 61(i)(3), Smith was required to argue the federal claim in the proceedings leading to conviction. *See Bright v. State*, 2000 WL 990901, **1 (Del.).  Thus, because there is no available state remedy, Smith is excused from the exhaustion requirement regarding his federal due process claim.  *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52.

Federal review of Smith's claim is barred, however, unless he establishes cause for his procedural default in the state courts and actual prejudice.  *See Coleman*, 501 U.S. at 750-51.  Smith has not alleged cause for his procedural default, and this Court need not reach the question of

whether he has shown any actual prejudice.  *See Coleman*, 501 U.S. at 757; *Murray*, 477 U.S. at 533. This claim is thus procedurally barred and should be rejected.

Conclusion

Based upon the Superior Court docket sheet, it appears that the transcripts of Smith's trial have been prepared.  In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available.   However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.


/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us


Date: December 2, 2005