Not Reported in F.Supp.2d                                                            Page 1
Not Reported in F.Supp.2d, 2002 WL 441325 (D.Del.)
**(Cite as: 2002 WL 441325 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Herbert ELEY, Petitioner,
v.
Robert SNYDER, Warden, and Attorney General of the
State of Delaware,
Respondents.
**No. CIV.A. 00-34-GMS.**

March 21, 2002.

MEMORANDUM AND ORDER
SLEET, District J.

**\*1** Following a jury trial in the Delaware Superior Court, Herbert Eley was convicted of burglary, theft, and criminal mischief. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware. Eley has filed with the court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Eley's petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1).

I. BACKGROUND

On June 24, 1997, a jury in the Delaware Superior Court found Herbert Eley guilty of second degree burglary, theft, and criminal mischief. The Superior Court (Graves, J.) sentenced Eley on August 21, 1997, to ten years imprisonment to be suspended after four years for decreasing levels of supervision. The Delaware Supreme Court affirmed Eley's conviction and sentence. *Eley v. State,* No. 382, 1997, 1998 WL 123210 (Del. Mar. 9, 1998).

On September 29, 1998, Eley filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. (D.I. 8, Motion for Postconviction Relief.) The Superior Court concluded that Eley's claims were procedurally barred, and denied the motion on October 20, 1998. *Eley v. State,* Cr. A. No. 97-02-0033 (Del.Super.Ct. Oct. 20, 1998). The Delaware Supreme Court dismissed Eley's appeal for lack of

jurisdiction because the notice of appeal was untimely filed. *Eley v. State,* No. 547, 1998, 1999 WL 86054 (Del. Jan. 14, 1999).

Eley has now filed the current petition for a writ of habeas corpus. In his petition, Eley alleges that: (1) trial counsel rendered ineffective assistance; (2) the prosecutor engaged in misconduct; and (3) the trial court erred by failing to excuse a juror who had been previously represented by defense counsel. (D.I. 3 at 5-6.) The respondents argue that the petition is subject to a one-year period of limitation that expired before Eley filed it. Thus, they ask the court to dismiss the petition as time barred.

II. TIMELINESS

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of § 2254 habeas petitions by state prisoners. *Stokes v. District Attorney of the County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.), *cert. denied,* 122 S.Ct. 364 (2001). Effective April 24, 1996, the AEDPA provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1).

Eley was convicted on June 24, 1997, and was sentenced on August 21, 1997. The Delaware Supreme Court affirmed his conviction and sentence on March 9, 1998. Eley was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13. Although Eley did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2002 WL 441325 (D.Del.)
**(Cite as: 2002 WL 441325 (D.Del.))**

*Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Eley's conviction, therefore, became final on June 7, 1998, ninety days after the Delaware Supreme Court affirmed his conviction.

**\*2** The court's docket reflects that Eley's petition was filed on January 19, 2000. (D.I.3.) A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court dockets it. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). Eley has not provided the court with any documentation establishing the date he submitted his petition to prison officials for mailing. The petition itself, however, is dated December 20, 1999. In the absence of proof of the date of delivery, the court deems Eley's habeas petition filed on December 20, 1999, the date he signed it.

Notwithstanding, Eley's habeas petition was filed more than six months after the one-year period expired. That, however, does not end the inquiry because the one-year period of limitation may be either statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). An application is " 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000).

As described above, Eley filed a Rule 61 motion for postconviction relief on September 29, 1998, which the Superior Court denied on October 20, 1998. Although Eley appealed from the denial of postconviction relief, the Delaware Supreme Court dismissed the appeal as untimely.

The respondents acknowledge, and correctly so, that the filing of the Rule 61 motion tolled the one-year period of limitation under § 2244(d)(2). They argue, however, that the one-year period was tolled only until November 20, 1998, thirty days after the Superior Court denied the Rule 61 motion. After the thirty-day period for filing a notice of appeal expired, they assert, Eley's Rule 61 motion was no longer pending under § 2244(d)(2). They conclude that the one-year period of limitation was not tolled while his untimely appeal was before the Delaware Supreme Court.

The court agrees that Eley's Rule 61 motion was pending from September 29, 1998, until November 20, 1998. In *Swartz v. Meyers,* 204 F.3d 417 (3d Cir.2000), the Third Circuit considered whether a postconviction petition was pending under § 2244(d)(2) during the time in which the petitioner could file a notice of appeal. The Third Circuit concluded that the one-year period is tolled during the time in which a timely postconviction appeal could be filed, even if a timely appeal is not filed. *Id.* at 424. If a timely notice of appeal is not filed, the postconviction motion is no longer pending when the time to appeal expires. *Id.*

**\*3** Here, the Superior Court denied Eley's motion for postconviction relief on October 20, 1998. He had thirty days in which to file a timely notice of appeal. Del. R.S.Ct. 6(a)(iii); *see Carr v. State,* 554 A.2d 778, 779 (Del.1989)(holding that thirty-day limit is jurisdictional). Eley filed his notice of appeal on December 23, 1998, well after the thirty-day limit expired, and the Delaware Supreme Court dismissed the appeal as untimely. *Eley,* 1999 WL 86054 at \* \*1. Because Eley failed to file a timely notice of appeal, his Rule 61 motion was pending until the expiration of the thirty-day period, *i.e.,* November 20, 1998. Accordingly, the one-year period of limitation was tolled from September 29, 1998, until November 20, 1998.

Unfortunately for Eley, applying § 2244(d)(2) does not render his habeas petition timely. After Eley's conviction became final on June 7, 1998, he waited 114 days before filing his Rule 61 motion. After November 20, 1998, when his Rule 61 motion was no longer pending, he waited an additional 395 days before filing his federal habeas petition. Plainly, more than one year lapsed during which no application for postconviction relief was pending.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 3
Not Reported in F.Supp.2d, 2002 WL 441325 (D.Del.)
**(Cite as: 2002 WL 441325 (D.Del.))**

In short, the court finds that the statutory tolling provision applies to the period of time during which Eley's Rule 61 motion was pending before the Superior Court, plus the thirty-day period in which he could have filed a timely notice of appeal. Even so, the one-year period expired before Eley filed the current habeas petition on December 20, 1999. The statutory tolling provision, therefore, does not render Eley's habeas petition timely filed.

C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn,* 240 F .3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

In his reply brief, Eley states that he did not receive notice of some unspecified order of the "lower court." (D.I.9, ¶ 4.) Although it is not entirely clear, it appears that Eley argues that the Superior Court's failure to notify him of the denial of his Rule 61 motion warrants the application of equitable tolling. He argued to the Delaware Supreme Court that he did not receive the Superior Court's order denying postconviction relief "until some time in late November [1998]." *Eley,* 1999 WL 86054 at * *1.

**\*4** Whether the doctrine of equitable tolling applies under these circumstances presents an interesting question, but one

the court need not contemplate. Even if this court equitably tolled the entire period of time from September 29, 1998, through January 14, 1999 (the date the Delaware Supreme Court dismissed his postconviction appeal), Eley's petition would still be untimely. As described above, 114 days lapsed from the date his conviction became final until he filed his Rule 61 motion. These 114 days must be counted toward the one-year period of limitation. Then, from January 14, 1999, until December 20, 1999 (the date he filed his habeas petition), an additional 340 days passed. These 340 days must also be counted toward the one-year period of limitation. Even if the court were to equitably toll the period of time his untimely appeal was pending before the Delaware Supreme Court, his habeas petition was nonetheless untimely filed.

For these reasons, the court concludes that Eley's habeas petition was filed after the one-year period of limitation expired. Neither the statutory tolling provision nor the doctrine of equitable tolling alters this conclusion. Accordingly, his habeas petition will be dismissed as untimely.

III. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                                          Page 4
Not Reported in F.Supp.2d, 2002 WL 441325 (D.Del.)
**(Cite as: 2002 WL 441325 (D.Del.))**

For the reasons discussed above, Eley's habeas petition is
barred by the one-year period of limitation. The court
cannot conclude that the period should be statutorily or
equitably tolled to render the petition timely. The court is
convinced that reasonable jurists would not find its
assessments debatable. Eley has, therefore, failed to make a
substantial showing of the denial of a constitutional right,
and a certificate of appealability will not be issued.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED
THAT:
    1. Eley's petition for a writ of habeas corpus pursuant to
    28 U.S.C. § 2254 is DISMISSED, and the relief requested
    therein is DENIED.
    2. The court declines to issue a certificate of appealability
    for failure to satisfy the standard set forth in 28 U.S.C. §
    2253(c)(2).

**\*5** IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2002 WL 441325 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:00CV00034 (Docket) (Jan. 19, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.