Not Reported in F.Supp.2d                                                                                                        Page 1
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Charles W. SIMPSON, Petitioner,
v.
Robert W. SNYDER, Warden, and Attorney General of the State of Delaware, Respondents.
**No. CIV.A. 00-737-GMS.**

May 14, 2002.

MEMORANDUM AND ORDER

SLEET, District J.
**\*1** Following a jury trial in the Delaware Superior Court, Charles W. Simpson was convicted of rape, attempted rape, and unlawful sexual contact. He was sentenced to three consecutive terms of life in prison plus seven years. Simpson has now filed with the court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Simpson's petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1).

I. BACKGROUND

On July 3, 1990, a jury in the Delaware Superior Court found Charles W. Simpson guilty of two counts of first degree rape, attempted first degree rape, and unlawful sexual contact in the second degree. The victim was the minor daughter of Simpson's girlfriend. On September 21, 1990, the Superior Court sentenced Simpson to three terms of life in prison plus seven years. The Delaware Supreme Court affirmed Simpson's conviction and sentence on December 19, 1991. *Simpson v. State,* No. 340, 1990, 1991 WL 316959 (Del. Dec. 19, 1991).

On December 15, 1994, Simpson filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. The Superior Court found that some of Simpson's claims were procedurally barred, and that the remaining claims were without merit. *State v. Simpson,* Crim. A. No. IN-89-03-1657-R1, 1995 WL 562163 (Del.Super.Ct. Sept. 8, 1995). The Delaware Supreme Court affirmed the Superior Court's order denying Rule 61 relief. *Simpson v. State,* No. 421, 1995, 1996 WL 554233 (Del. Sept. 20, 1996). Simpson filed a second Rule 61 motion on October 3, 1997, which the Superior Court denied on the ground that each of his claims was procedurally barred. *State v. Simpson,* Crim. A. No. IN89-031657R2, 1998 WL 735882 (Del.Super.Ct. Sept. 1, 1998). The Delaware Supreme Court again affirmed. *Simpson v. State.* No. 429, 1998, 1999 WL 636630 (Del. July 30, 1999).

Simpson has now filed the current petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Simpson raises six claims for relief. The respondents argue that the petition is subject to a one-year period of limitation that expired before Simpson filed it. Thus, they ask the court to dismiss the petition as time barred.

II. DISCUSSION

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of habeas petitions by state prisoners. *Stokes v. District Attorney of County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.), *cert. denied,* 122 S.Ct. 364 (2001). Effective April 24, 1996, the AEDPA provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
**\*2** (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 2
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Simpson's conviction became final prior to the enactment of the AEDPA. He was sentenced on September 21, 1990. The Delaware Supreme Court affirmed the judgment of conviction on December 19, 1991. Simpson was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13.1. Although Simpson did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Simpson's conviction became final on March 19, 1992, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns,* 134 F.3d at 111.

The court's docket reflects that Simpson's habeas petition was filed on August 10, 2000. (D.I.1.) A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court dockets it. *Id.* at 113. Attached to Simpson's petition is a certificate of service certifying that he placed it in the prison mail on August 3, 2000. Thus, the court deems Simpson's petition filed on August 3, 2000.

Obviously Simpson's habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:
The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

**\*3** As described above, Simpson filed in the Superior Court his first Rule 61 motion for postconviction relief on December 15, 1994, prior to the enactment of the AEDPA. His Rule 61 motion was pending until September 20, 1996, when the Delaware Supreme Court affirmed the denial of postconviction relief. Respondents acknowledge, and correctly so, that the one-year period was tolled while Simpson's first Rule 61 motion was pending until September 20, 1996.

More than one year later, on October 3, 1997, Simpson filed his second Rule 61 motion in the Superior Court. By that time, however, the one-year period had expired. Simpson's second Rule 61 motion, filed after the one-year period expired, has no effect on the timeliness inquiry in the current matter.

In short, the one-year period of limitation was tolled while Simpson's first Rule 61 motion was pending. Nonetheless, the one-year period expired before Simpson filed his federal habeas petition.

### C. Equitable Tolling

In addition to statutory tolling, the one-year period of limitation may be subject to equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling applies:
only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 3
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

Here, Simpson has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. He has not explained why he waited until October 3, 1997, to file his second Rule 61 motion. Nor has he explained why he waited until August 3, 2000, to file the current petition. His only explanation is that some unidentified individual at the prison assured him that he would have one year following the conclusion of his second Rule 61 proceedings in which to file a federal habeas petition. (D.I.18.)

Unfortunately for Simpson, his unfamiliarity with federal habeas filing requirements does not excuse his failure to comply with the one-year period of limitation. An incarcerated pro se petitioner's lack of legal knowledge does not constitute an extraordinary circumstance warranting equitable tolling of the one-year period of limitation. *See Delaney v. Matesanz,* 264 F.3d 7, 15 (1st Cir.2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194 (2001); *United States v. Cicero,* 214 F.3d 199, 203 (D.C.Cir.2000); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.), *cert. denied,* 531 U.S. 1035 (2000). Likewise, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes" are not extraordinary circumstances giving rise to equitable tolling. *Fahy,* 240 F.3d at 244. The purpose of the one-year period of limitation is to "considerably speed up the habeas process while retaining judicial discretion to equitably toll in extraordinary circumstances." *Miller,* 145 F.3d at 618. Applying the doctrine of equitable tolling simply because a pro se petitioner is unfamiliar with the intricacies of federal habeas procedures would seriously undermine this purpose.

**\*4** Moreover, even if someone at the prison erroneously assured Simpson that he could file a federal habeas petition within one year of the conclusion of his second Rule 61 proceedings, the court cannot conclude that his habeas petition was timely filed. Simpson's second Rule 61 motion was "pending" under § 2244(d)(2) until July 30, 1999, when the Delaware Supreme Court affirmed the Superior Court's order denying it. *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000). Simpson filed his habeas petition more than one year later on August 3, 2000.

In short, the court can discern no circumstances which would permit applying the doctrine of equitable tolling. Simpson's habeas petition will be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Simpson's habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled. The court is convinced that reasonable jurists would not debate otherwise. Simpson has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:
1. Charles W. Simpson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 4
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2002.
Simpson v. Snyder
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00737 (Docket) (Aug. 10, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.