Not Reported in F.Supp.2d                                                                                                       Page 1
Not Reported in F.Supp.2d, 2001 WL 641729 (D.Del.)
**(Cite as: 2001 WL 641729 (D.Del.))**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Michael D. KIRBY, Petitioner,
v.
DELAWARE VIA DETAINER; and Patrick Conroy, Warden, M.H.C.C., Respondents.
**No. CIV. A. 99-703-SLR.**

May 29, 2001.

Michael D. Kirby, Westover, Maryland, petitioner, pro se.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

MEMORANDUM OPINION
ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Petitioner Michael D. Kirby is an inmate at Maryland Eastern Correctional Institution. (D.I.24) Currently before the court is petitioner's application for habeas corpus relief pursuant to 28 U.S .C. § 2254. (D.I.1, 19) Because petitioner is procedurally barred from raising his claims for relief, the court shall dismiss his petition without reaching its merits.

II. BACKGROUND

On May 28, 1997, petitioner was convicted by a Delaware Superior Court jury of nine counts of second degree burglary. (D.I.15) At a hearing on July 25, 1997, the Superior Court declared petitioner a "habitual offender" and sentenced him to nine consecutive terms of life in prison. (*Id.*) On direct appeal, the Delaware Supreme Court affirmed the convictions, but remanded the case to Superior Court for resentencing. *See Kirby v. State,* 708 A.2d 631 (Del. Apr. 13, 1998). Upon resentencing on May 1, 1998, petitioner received one life term on one count of second degree burglary plus eight years imprisonment on the remaining counts. (D.I.15)

While his appeal was pending, on September 13, 1997, petitioner filed his first motion for state post-conviction relief. (*Id.*) The Superior Court notified petitioner that it could not consider the application at that time. [FN1] (*Id.*) On May 11, 1998, petitioner filed his second motion for state post-conviction relief, alleging ineffective assistance of counsel on thirteen grounds. (*Id.*) On May 20, 1998, the Superior Court denied petitioner's application. (*Id.*) Petitioner did not appeal the decision.

> FN1. Pursuant to Delaware Supreme Court Rule of Criminal Procedure 61(b)(4), a motion for post-conviction relief may not be filed until the judgment of conviction is final.

On July 1, 1998, petitioner moved for a modification of his sentence, which was denied on July 6, 1998. (*Id.*) On July 22, 1998, petitioner filed an application for "rescission of the Court's decission [sic] to deny defendant's motion for post-conviction relief and allowance to amend motion for post-conviction relief and grant defendant a hearing on all issues as he is entitled to." (*Id.*) The Superior Court denied the application on July 24, 1998. (*Id.*) On September 23, 1998, petitioner appealed the denial, but the Delaware Supreme Court dismissed the appeal as untimely. [FN2] *See Kirby v. State,* 719 A .2d 947 (Del. Oct. 16, 1998).

> FN2. Pursuant to Delaware Supreme Court Rule 6(a)(iii), a notice of appeal from a judgment or order in a proceeding for post-conviction relief must be filed within thirty days of the decision.

On January 29, 1999, petitioner filed another motion for state post-conviction relief, which was denied by the Superior Court on February 5, 1999. (D.I.15) On March 4, 1999, petitioner filed a timely notice of appeal. (*Id.*) Petitioner based his appeal on two grounds: he should not have been declared a habitual offender because he did not have an opportunity for rehabilitation through psychological treatment, and his prior motions for post-conviction relief should have been decided on the merits rather than denied on procedural grounds. (*Id.*) The Superior Court's decision denying petitioner's motion was affirmed by the Delaware Supreme Court. *See Kirby v. State,* 738 A.2d 238 (Del. Sept. 9, 1999).

Petitioner's instant application for habeas relief pursuant to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00571-SLR   Document 15-10   Filed 12/02/2005   Page 2 of 4

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2001 WL 641729 (D.Del.)
**(Cite as: 2001 WL 641729 (D.Del.))**

28 U.S.C. § 2254 is dated October 11, 1999, and an amended application was filed by petitioner on June 26, 2000. (D.I.1, 19) The government filed responses arguing that petitioner's application was time-barred pursuant to 28 U.S.C. § 2244(d). (D.I.13, 21) On February 23, 2001, the court held that petitioner's application for habeas relief was timely filed, and ordered the government to respond to its merits. (D.I.26)

III. DISCUSSION

**\*2** A prisoner must fully exhaust all remedies in state court before a district court may entertain his claims in a federal habeas corpus appeal. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy,* 455 U.S. 509, 515-20 (1982). To exhaust state remedies, a petitioner must have raised the factual and legal premises behind his claims for relief to each level of the state courts before proceeding to federal court. *See Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). This exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state court convictions and preserves the role of state courts in protecting federal rights. *See Caswell v. Ryan,* 953 F.2d 853, 857 (3d Cir.1992). Even if a petitioner fully presents his claims in state court, however, if the state court refuses to consider them because the petitioner has not observed state procedural rules, a federal habeas court is barred from considering the claims. *See id* . This procedural bar rule prevents habeas petitioners from avoiding the exhaustion requirement "by defaulting their federal claims in state court" and making an end-run around state court review of those claims. *See Coleman v. Thompson,* 501 U.S. 722, 732 (1991). Accordingly,

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750.

Petitioner listed four claims on the model § 2254 form: (1) the State courts did not provide counsel at his arraignment; (2) petitioner did not receive a copy of his Rule 9 warrant or indictment until the day of trial; (3) petitioner was convicted by the use of an illegally obtained statement and fabricated testimony; and (4) the statement was admitted without judicial review. (D.I.1) Petitioner also attached pages to the model form with additional allegations: (1) defense counsel was ineffective for failing to investigate an alleged *Miranda* violation; (2) defense counsel was ineffective because he did not show petitioner the government's discovery response until trial; (3) defense counsel was ineffective because he did not request a curative instruction regarding the victim's testimony; (4) defense counsel was ineffective because he did not move for a new trial on the grounds that the government did not prove his guilt; (5) defense counsel was ineffective because he did not consult with petitioner during the direct appeal; (6) defense counsel's performance was deficient during the hearing on habitual offender status; (7) defense counsel was ineffective because he did not object when the jury was polled; (8) petitioner did not have access to Delaware law materials while in Maryland; (9) defense counsel's closing argument was improper; (10) petitioner should not have been declared an habitual offender under 11 Del. C. § 4214 because he did not receive psychiatric treatment while on probation; (11) the State courts did not appoint counsel in post-conviction proceedings; and (12) petitioner could not appeal his second post-conviction motion because he did not receive the Superior Court's order denying the motion in a timely manner. (D.I.1)

**\*3** Petitioner's amended application added other claims: (1) defense counsel should have objected to Detective Wallace's reading from various police reports; (2) defense counsel should have objected to testimony regarding the disposition of property turned into the police barracks at Berlin, Maryland; (3) defense counsel should have objected at resentencing to the one-year sentence imposed on the additional burglary convictions; (4) the Superior Court erred when it resentenced petitioner to one year in prison for the additional counts of burglary; and (5) the Superior Court was biased against petitioner. (D.I.19)

After a liberal reading of petitioner's filings, it appears that petitioner's claims in his federal habeas application were sufficiently presented to the Delaware Superior Court in his

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                                        Page 3
Not Reported in F.Supp.2d, 2001 WL 641729 (D.Del.)
**(Cite as: 2001 WL 641729 (D.Del.))**

second post-conviction motion, filed on May 11, 1998. Although petitioner did not appeal the Superior Court's denial of that motion, petitioner subsequently filed a motion for "rescission" of the Superior Court's denial. The Superior Court denied this motion on July 28, 1998, and petitioner appealed this decision to the Delaware Supreme Court on September 23, 1998. The Supreme Court dismissed the appeal because it was not filed within the thirty-day limitations period provided by Supreme Court Rule 6(a)(iii). It is not necessary, however, that the state's highest court decide petitioner's claims on the merits before those claims can be considered exhausted. *See Luby v. Brady,* No. 95-26-SLR, 1996 WL 328589, at *3 (D.Del. May 16, 1996) (citing *Bond v. Fulcomer,* 864 F.2d 306, 309 (3d Cir.1989)). In the case at bar, petitioner raised the facts and the legal theory on which he now relies to each level of the Delaware courts. His claims, therefore, have been exhausted.

The court may nevertheless be barred from considering petitioner's application because petitioner has failed to comply with Delaware's procedural requirements. The Delaware Supreme Court's denial of petitioner's appeal as untimely "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). Therefore, the court must deny petitioner's application as procedurally barred unless petitioner establishes either: (1) cause for his procedural default and resulting prejudice, or (2) that a miscarriage of justice would result if the court refused to consider his claims. *See id.* at 750.

To show "cause" petitioner must demonstrate that "something external to the petitioner, something that cannot be attributed to him" impeded efforts to comply with the state's procedural rule. *Coleman,* 501 U.S. at 753. Petitioner alleges three possible causes for his procedural default: (1) that he could not file a timely appeal because he did not receive the Superior Court's order denying his motion in a timely fashion; (2) that he did not have access to Delaware law materials while incarcerated in Maryland; and (3) that the State did not provide him with counsel during his post-conviction proceedings.

**\*4** None of these allegations constitutes "cause" under the cause and prejudice standard. The court agrees with the Delaware Supreme Court's analysis of petitioner's first allegation:

> Even assuming that court-related personnel erred by failing to send a copy of the May 20 denial to Kirby, by his own admission Kirby knew of the Superior Court's decision upon receipt of the July 24 letter decision. He therefore should have filed his notice of appeal no later than August 27, 1998. [Kirby filed his notice of appeal on September 23, 1998.] An appellant's *pro se* status does not excuse a failure to strictly comply with the jurisdiction requirements of Supreme Court Rule 6.

*Kirby v. State,* 719 A.2d 947 (Del. Oct. 16, 1998). Similarly, petitioner's claim that he did not have access to Delaware law materials because he was incarcerated in Maryland does not excuse his untimely appeal. The record indicates that petitioner was familiar with Delaware law from his prior filings, including filings made while he was incarcerated in Maryland. Moreover, petitioner did not require access to Delaware law materials to file a notice of appeal, without supporting legal analysis, within the limitations period. Finally, since there is no constitutional right to counsel in post-conviction proceedings, petitioner's third claim is also insufficient to constitute "cause" under the cause and prejudice standard. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987).

Alternatively, the court may consider an otherwise procedurally barred claim if petitioner demonstrates that failure to do so would constitute a "miscarriage of justice." *See Schlup v. Delo,* 513 U.S. 298, 314-15 (1995). This exception applies only in "extraordinary cases." *Id.* at 321. To establish a miscarriage of justice, the petitioner must demonstrate "by clear and convincing evidence that, but for [the asserted] constitutional error, no reasonable juror would have found the petitioner eligible for the ... penalty under the applicable state law." *Sawyer v.. Whitley,* 505 U.S. 333, 336 (1992). Petitioner has offered no new evidence that would preclude a reasonable fact finder from finding him guilty of burglary, nor has petitioner demonstrated how the court's failure to consider his claims will otherwise result in a fundamental miscarriage of justice. Therefore, the court is procedurally barred from considering petitioner's claims for habeas relief. [FN3]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00571-SLR    Document 15-10    Filed 12/02/2005    Page 4 of 4

Not Reported in F.Supp.2d                                                                 Page 4
Not Reported in F.Supp.2d, 2001 WL 641729 (D.Del.)
**(Cite as: 2001 WL 641729 (D.Del.))**

FN3. The court notes that petitioner's claim that the Delaware courts erroneously declared him a habitual offender is procedurally barred on additional grounds. That claim was considered and rejected by the Delaware Superior Court on May 20, 1998. Petitioner presented the same claim in another post-conviction motion filed on January 29, 1999. The Superior Court's denial of that motion was affirmed by the Delaware Supreme Court on September 9, 1999 because the claim was previously adjudicated, a violation of Superior Court Criminal Rule 61(i)(4). Alternatively, to the extent that the second claim was different from the one presented in the May 20, 1998 motion, the Delaware courts held that Superior Court Criminal Rule 61(i)(2) barred the claim because it was not also presented in the earlier motion. *See Kirby v. State,* 738 A.2d 238 (Del. Sept. 9, 1999). These state procedural rules also constitute independent and adequate state law grounds barring federal habeas review.

IV. CONCLUSION

For the reasons stated, the court shall deny petitioner's application for habeas corpus relief. An appropriate order shall issue.

ORDER

At Wilmington, this 29th day of May, 2001, consistent with the memorandum opinion issued this same day;

IT IS ORDERED that:

1. Petitioner Michael D. Kirby's above captioned application for habeas corpus relief (D.I.1, 19), filed pursuant to 28 U.S.C. § 2254, is dismissed and the writ denied.

2. For the reasons stated above, petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. *See United States v. Eyer,* 113 F.3d 470 (3d Cir.1997); 3d Cir. Local Appellate Rule 22.2 (1998).

Not Reported in F.Supp.2d, 2001 WL 641729 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.