Westlaw.

755 A.2d 386 (Table)                                                            Page 1
755 A.2d 386 (Table), 2000 WL 990901 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 755 A.2d 386, 2000 WL 990901 (Del.Supr.))**

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Rodney BRIGHT, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 495, 1999.**

Submitted June 6, 2000.
Decided June 20, 2000.

Court Below: Superior Court of the State of Delaware, in and for New Castle County, Cr. A. Nos. IN94-1399-R1, 1401-R1, 1403-R1 and IN95-01-1175-R1 and 1177-R1.

Before VEASEY, Chief Justice, WALSH and BERGER, Justices.

ORDER

**\*\*1** This 20th day of June 2000, upon consideration of the briefs of the parties, it appears to the Court that:

(1) This is an appeal from the denial of postconviction relief in the Superior Court. The appellant, Rodney Bright ("Bright"), contends that the Superior Court erred in summarily rejecting his claims for ineffective assistance of counsel and violation of due process in the admissibility of character evidence. The background of this matter is fully set forth in the decision of this Court affirming Bright's conviction on direct appeal. *Bright v. State,* Del.Supr., 740 A.2d 927 (1999).

(2) In rejecting Bright's petition for postconviction relief, the Superior Court ruled that Bright's claim of ineffective assistance of counsel failed the prejudice prong under *Strickland v. Washington,* 466 U.S. 668 (1984), because the allegedly inadmissible character evidence, to which an objection was not made at trial, was subsequently ruled admissible on appeal under a plain error standard of review. Although the Superior Court barred this claim under the relitigation bar of Superior Court Criminal Rule 61(i)(4) (any ground formerly adjudicated is procedurally barred unless reconsideration is warranted in the interest of justice), dismissal, in our view, was justified under Rule 61(i)(3) (claim not raised on direct appeal is barred in the absence of a showing of cause and prejudice).

(3) Bright has tendered no explanation for not asserting his due process claim in his direct appeal. That ground for relief was available to him, notwithstanding the actions of his trial counsel. Although the claim of inadmissibility was asserted in the direct appeal under a plain error standard, the due process contention is a refinement of that claim and could have been argued. Moreover, in view of our holding in the direct appeal that the disputed character evidence was clearly relevant to the charges against Bright, we do not view our ruling as falling within the fundamental fairness exception of Rule 61(i)(5).

(4) In sum, we find Bright's claim for postconviction relief procedurally barred and affirm the result reached by the Superior Court.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

755 A.2d 386 (Table), 2000 WL 990901 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.