IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER L. SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 05-571-SLR |
| ) | |
| THOMAS CARROLL, ) | |
| Warden, and CARL C. ) | |
| DANBERG, Attorney ) | |
| General of the State of ) | |
| Delaware, ) | |
| ) | |
| RespondentS. ) | |

**O R D E R**

At Wilmington this 24th day of February, 2006;

IT IS ORDERED that:

1. Petitioner Walter L. Smith's motion for representation by counsel is DENIED without prejudice to renew. (D.I. 18) Petitioner has no automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). After reviewing petitioner's motion and the documents filed in the instant proceeding, the court concludes that the "interests of justice" do not warrant representation by counsel at this time. See Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A

(a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

2. Petitioner's motion for an evidentiary hearing is DENIED. (D.I. 18) The court has reviewed the petition, answer, and the state court record, and concludes that an evidentiary hearing is not warranted. See Rule 8(a), 28 U.S.C. foll. § 2254.

_____
UNITED STATES DISTRICT JUDGE