IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER L. SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 05-571-SLR |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, and Carl C. | ) |
| DANBERG, Attorney | ) |
| General for the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

Walter L. Smith. Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

Dated: July 31, 2006
Wilmington, Delaware

**ROBINSON**, Chief Judge

## I. INTRODUCTION

Currently before the court is petitioner Walter L. Smith's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is incarcerated in the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner conspired with two other men to burglarize the apartment of Pedro and Yoselyn Soto. On May 22, 2001, an intruder wearing a black coat, black gloves, and a cream colored mask, later identified as petitioner, entered the Soto apartment. Petitioner turned off the light and put a pillow over Yoselyn Soto's face, and then threw her to floor and repeatedly hit her head against the floor. Petitioner wrapped a sheet around Ms. Soto and continued to hit her. Ms. Soto pretended to be dead several times in an attempt to stop the beating. During one of those times, petitioner removed Ms. Soto's pajama pants and underwear, grabbed her breasts, and tried to insert his hand into her vagina. Ms. Soto attempted to cover herself, at which time petitioner turned her over and inserted his hand between her buttocks until she began to feel a burning sensation, as if

petitioner had penetrated her with his fingers. Petitioner left the bedroom and went into the kitchen. When Ms. Soto heard him opening and closing the kitchen drawers, she called the police. Petitioner was later arrested and charged with attempted rape in the first degree, assault in the first degree, burglary in the first degree, wearing a disguise during the commission of a felony, and possession of burglar's tools. See Smith v. State, 813 A.2d 1141 (Table), 2002 WL 31873704, at *1 (Del. Dec. 23, 2002).

Following a jury trial in the Delaware Superior Court, petitioner was convicted of attempted first degree rape, first degree burglary, and wearing a disguise during the commission of a felony. The Delaware Supreme Court affirmed that decision on December 23, 2002. Id.

Petitioner filed a motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on December 24, 2003. The Superior Court denied the Rule 61 motion on April 7, 2004. (D.I. 17, Del. Super. Ct. Crim. Dkt. at Nos. 79, 83) Petitioner appealed, but the Delaware Supreme Court dismissed the appeal as untimely. Smith v. State, 856 A.2d 1067 (Table), 2004 WL 1874668, at *1 (Del. Aug. 13, 2004).

Petitioner's pending federal habeas application asserts the following four claims: (1) there was insufficient evidence to

convict petitioner of attempted rape; (2) counsel provided constitutionally ineffective assistance by failing to investigate petitioner's case, by failing to raise a claim under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), and by failing to raise a sufficiency of the evidence claim at trial and on direct appeal; (3) the Superior Court erred by failing to instruct the jury on the lesser-included offenses of second and third degree assault and second degree burglary; and (4) the trial court should not have stricken Officer Barber's testimony regarding his police report of the incident. (D.I. 1)

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated August 2, 2005, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). He does not allege, nor can the court discern, any facts triggering the application of §§ 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's conviction and sentence on December 23, 2002, and he did not seek certiorari review. Thus, petitioner's conviction became final on March 23, 2003,[1] Smith, 2002 WL 31873704, at *3, and to comply with the one-year limitations period, petitioner had to file his § 2254

---

[1] Because the last day of the time-period for filing a petition for certiorari actually fell on Sunday, March 23, 2003, the period extends through Monday, March 24, 2003. See Sup. Ct. R. 30(1).

4

application by March 24, 2004. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on August 2, 2005,[2] approximately one and one-half years after the expiration of the limitations period. Therefore, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the

---

[2] Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Petitioner's application is dated August 2, 2004 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Petitioner waited 274 days after his conviction became final before he filed his Rule 61 motion on December 24, 2003. The Superior Court denied the motion on April 7, 2004. Petitioner appealed, but the Delaware Supreme Court dismissed the appeal as untimely because petitioner failed to file a notice of appeal by May 7, 2004. See Smith, 2004 WL 1874668, at *1. Consequently, petitioner's Rule 61 motion tolls the limitations period from December 24, 2004 through May 7, 2004, the date on which the thirty-day period for filing a timely post-conviction appeal expired; the Rule 61 motion does not toll AEDPA's limitations period for the remaining period during which petitioner's untimely appeal was pending before the state supreme court. See Eley v. Snyder, 2002 WL 441325, at *2-3 (D. Del. Mar. 21, 2002); Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000).

When the limitations clock started to run again on May 8, 2004, petitioner had 91 days to file a timely habeas application. Petitioner did not file his habeas application or any state applications for post-conviction relief within that time-frame,

6

and the limitations period expired on August 7, 2004. Thus, even with statutory tolling, petitioner filed his application approximately one-year too late.

**C. Equitable Tolling**

Federal courts may equitably toll AEDPA's limitations period, but courts must apply the doctrine "sparingly" and "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner does not contend, and the court does not perceive, that any extraordinary circumstances prevented him from timely filing the instant habeas application. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Thus, the court concludes that the application of the equitable tolling doctrine is not warranted in this case. Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would

8

find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

**V. CONCLUSION**

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

9