IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Walter Lee Smith

   Petitioner

  v

Thomas Carroll, Warden
Delaware Correctional Center
and M. Jane Brady,
Attorney General of the
State of Delaware,

   Respondents

Civil Action No. 05-571-SLR



FILED

AUG 1 4 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned

### Petitioner's Motion For Reconsideration and to alter or amend the Judgment

Petitioner, Walter Lee Smith ("Petitioner" or Mr. Smith),
moves Pursuant to Rule 11 of the Rules Governing Section 2254
Cases, Federal Rules of Civil Procedure 6(a) and 59(e); and
Local Rule of Civil Practice 7.1.5 for Reconsideration of
this Court's July 31 2006 Opinion and Order (the Opinion)
denying the writ of habeas corpus. Mr. Smith Respectfully
Requests that the Court's entire Judgment be Reconsider. Because
of time and space constraints, however, we focus here on the
Opinion's most striking error, which Relate to Mr. Smith's
Postconviction Notice of Appeal being timely filed within 30-days;
thus statutory tolling the one-year Period set forth in Section

2244(d)(2) of the Antiterrorism and Effective Death Penalty Act of 1996.("AEDPA")

The Pivotal argument described below was Raised in in the Petitioner's Paper seeking the writ, but the argument is not addressed anywhere in the Court's Opinion. Because this argument present vital issues of constitutional Law, they must be PROPERLY addressed before Mr. Smith's Petition can be appropriately decided.

STANDARD FOR ALTERING THE JUDGMENT

1.   Local Rule 7.1.5 Provides that "a motion for Reargument ... shall briefly and distinctly state the grounds therefor ... The Court will determine from the motion and answer whether Reargument will be Granted". Rule 7.1.5, which Replaced former Local Rule 3.3 and does not materially differ from the former Rule, "balance(s) the interest in finality of judicial decisions with the Recognition that courts sometimes err." Karr v Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991), Aff'd sub nom. United States v. Carper, 22 F.3d 303 (3d Cir. 1994), cert. denied, 513 U.S. 1084 (1995) (citing Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1241 (D. Del. 1990)

2. Federal Rule of Civil Procedure 59(e) Provides that "any motion to alter or amend a Judgment shall be Filed no later than 10 days after entry of the Judgment." Fed. R. Civ. P. 59(e). A motion under Rule 59(e) should be Granted "to correct a clear error of Law or Prevent manifest injustice". Mobil Oil Corp. v. Amoco Chems. Corp., 915 F. Supp. 1333, 1377 (D. Del. 1994) (Granting motion to Prevent manifest injustice) (citation omitted).

2

The Court's Dismissal of Mr. Smith's
writ was a clear error of Law
and will cause manifest injustice

This Court denied Mr. Smith's writ of habeas Corpus
on the claim that, Petitioner's § 2254 application was time-
barred by the one-year period of limitations prescribed in
28 U.S.C. § 2244(d)(1). The decision is clearly erroneous,
based on the following factors.

1. Petitioner filed a motion for state Post conviction
relief pursuant to Delaware Superior Court Criminal Rule 61
("Rule 61 motion"). On Dec. 24, 2003. The Superior Court
denied the Rule 61 motion on April 7, 2004. (D.I. 17,
Del. Super. Ct. Crim. Dkt. at No's 79, 83) Petitioner
appealed, but the Delaware Supreme Court in error
dismissed the Appeal as untimely. Smith v State, 856 A.2d 1067
(Del. Aug. 13, 2004)

The Delaware Supreme Court Rejected Petitioner's Appeal
pursuant to Supr. Ct. Rule 6(iii) as Untimely filed within 30-days
limitation. Due to this independent State Procedural rule the
Supreme Court did not review the merits of petitioner's
Postconviction relief claims. However, the Delaware Supreme
Court's Rejection of Petitioner's appeal as untimely is incorrect
for several reasons:

3

First, the Supreme Court begin the 30-day calculation from the actual date on the Superior Courts decision of "April 7, 2004"; which means that the Notice of Appeal must be filed in the Supreme Court on or before May 7, 2004. But Petitioner did not receive the Superior Courts decision on April 7, 2004 the day it was filed with the Clerk. The Superior Courts decisions did not arrive to the Prison until a couple days later in which Petitioner Signed a Prison log as receiving it on April 9, 2004 or April 10, 2004.

The Courts cannot start the 30-day calculation until Petitioner is given actual sufficient notice of the Superior Courts decision. The Prison legal mail log will verify that Petitioner did not receive the Superior Court's decision until May 9, 2004 between 9pm and 10 pm at Night. So technically pursuant to Super. Ct. Civ. Rule 6(A) the first of the thirty (30) days to file a motion for Reargument or Notice of Appeal is April 10, 2004 or April 11, 2004. (The day of receipt don't count) Thus, the deadline for Petitioner's Notice of Appeal was May 10th or 11th of 2004 Not May 7, 2004 as the Delaware Supreme Court Wrongfully concluded.

Second, the Supreme Court note in it's August 13, 2004 decision on Page 2 PARAGRAPHS 4 and 5 that it adopted a General Rule of excusable neglect For untimely Notice of Appeals Attributed to Court-Related Personnel. Also the limitation of time in 10 Del. C. § 146 does Not Apply Against a defendant who is mentally Incompetent Providing For excusable.

4

Furthermore the Delaware Supreme Court generally apply the rule of excusable neglect where an attorney fail to file a Notice of Appeal on behalf of a defendant within the 30-day allotted time period. The Supreme Court remedy this excusable neglect by remanding the case back to the Superior Court for Re-sentencing to provide the defendant an additional 30-days extension to file a timely Notice of Appeal. See Gibson v State Del. Supr. Ct. No. 94, 1995. Thus, the "incompetent person" rule of 10 Del. C § 146 can be applied to persons such as Petitioner who are acting Pro se and was not represented by competent counsel in the Court below. These legal terms Govern the Principles of excusable Neglect under Federal law and the "General Mail Box Rule" extending thereto as an equitable remedy. See Fallen v. United States, 378 U.S. 139, 84, S. Ct. 1689, 12 L.Ed.2d 760 (1964). Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L.Ed.2d. 245 (1988); United States v. Hooper, 9.F.3d 257 (2d. Cir 1993) and Richard v. Ray F.3d 810 (6th Cir. 2002).

   In Reaching the conclusions of the excusable Neglect rule the Federal Court identified several concerns particular to the incarcerated Petitioner without counsel: 1) the Petitioner's inability to control the Notice of Appeal after it has been delivered to to Prison official(s) 2) the Petitioner's lack of legal counsel to instituted and monitor the process, and 3) any incentive on the part of the Prison Authorities to delay a Pro se Petitioner's Filing beyond an application time limit. Ray, 290 F.3d at 812-813 ( citing Houston v. Lack, at 270-272, 108 S. Ct. 2379)

5

The Delaware Supreme Court also "after" assuming the validity of the Petitioner's assertions; incorrectly inferred under the circumstances that if the Petitioner's Notice of Appeal was sent out on May 5 2004 it wouldn't have arrived to the court on time. The Delaware Supreme Court is basing their assumption on a questionable time period of May 9 2004 an on May 13, 2004 in which the clerk received the Notice of Appeal.

The Petitioner's Notice of Appeal although filed only (2) two before the deadline was filed timely. Within the Delaware mailing cycle it only takes a letter 2 days to reach one end of the county to the next. (New Castle to Sussex County) In Petitioner's case the United States Postal Service coming directly to the Prison to pick up all outgoing mail would have render the (2) two days sufficient. Due to the fact that the mail was 1.) going directly to the Post office; and 2.) the letter being sent was traveling within the county. From Smyrna, Delware (Kent County) to Dover, Delaware (Kent County). Under these circumstances (2) two days would've been sufficient if the Prison officals didn't intentionally neglect the mail services.

Under Harris v. Reed, 489, U.S. 255 (1989) and Coleman V Thompson, 501 U.S. 722 (1991) the Delaware Supreme Court's decision on whether or not Petitioner's Notice of Appeal was filed on time is not based upon a sufficient Application of an adequate and independent state court procedural Rule. In Addition when considering Petitioner's request Please Review Exhibits A and B. Prior Notice of Appeal sent to the Delaware Supreme Court (1.) one day arrival. And Letter sent by Petitioner from the Prison. (2.) two-arrival.) These exhibits is affirmative evidence that Petitioners Notice to Appeal could have reach court in due time..

7

Wherefore due to excusable neglect Rule under the exceptional circomstances shown above, the Petitioner shall be permitted to proceed on the merits of his claims for relief on Federal habeas corpus.

Walter L. Smith
Delaware Corr. Center.
Smyrna, Delaware
19977

Walter L Smith

Date  August 7 2006

# Certificate of Service

I, _Walter Smith_, hereby certify that I have served a true

and correct cop(ies) of the attached: _Motion For Reargument_

_____ upon the following

parties/person (s):

TO: _Elizabeth McFranLand_          TO: _____

_Dept. Attorney General_          _____

_Dept. of Justice_          _____

_820 N. French Str._          _____

_Wilm, Del 19801_          _____

TO: _____          TO: _____

_____          _____

_____          _____

_____          _____

_____          _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this ___7___ day of ___Aug 7th___, 2006

_Walter J. Smith_

IN THE SUPREME COURT OF THE STATE OF DELAWARE

WALTER SMITH                          *              , 2002
                                      *
        Defendant below,              *
        Appellant                     *
                                      *
     V.                               *
                                      *
STATE OF DELAWARE,                    *    NOTICE OF APPEAL
                                      *
        Plaintiff below,              *
        Appellee                      *

COMES NOW, the defendant, Walter Smith, by and through his attorney, Karl Haller, who appeals the decision of the Superior Court of the State of Delaware in and for Sussex County regarding trial on March 11, 2002 thru March 15, 2002 and the sentencing of May 10, 2002 by the Honorable T. Henley Graves. Criminal Action No. 01-05-0751, the defendant's I.D. No. 0105019765.

Dated: 5/13/02

Karl Haller
Assistant Public Defender
14 The Circle
Georgetown, DE 19947
I.D. No. 56

Exhibit A "

SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*

DEBORAH L. WEBB
*Chief Deputy Clerk*

LISA A. SEMANS
*Senior Court Clerk*

#5
SUPREME COURT BUILDING
55 THE GREEN
P.O. BOX 476
DOVER, DE 19903

(302) 739-4155

May 21, 2004

Mr. Walter L. Smith
SBI #00246639
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

    RE:  ***Smith v. State***, No. 202, 2004

Dear Mr. Smith:

    The Court is in receipt of your letter dated May 19, 2004, requesting an extension to file the response to the notice to show cause, in the above captioned matter.  Please be advised that your request is granted.  The response to the notice to show cause should be filed no later than **June 7, 2004.**  The response should show cause why this appeal should not be dismissed pursuant to Supreme Court Rule 29(b) (copy enclosed).

                Very truly yours,

/eas

cc:  Kim E. Ayvazian, Esquire

"Exhibit B"

I/M Mr. Walter C. Smith Sr.

SBI# 346633    UNIT C-U-9 #22

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA DELAWARE 19977

U.S.M.S
X-RAY

UNITED STATES POSTAGE
$ 00.870
PITNEY BOWES
02 1A
000468975    AUG 11 2006
MAILED FROM ZIP CODE 19977

OFFICE OF THE CLERK

UNITED STATES District Court

844 N. King Street Lockbox 18

Wilmington, Delaware

19801 - 3570

19801+3570-99 C012