UNITED STATES COURT OF APPEALS FOR
THE THIRD CIRCUIT

WALTER Smith

    Defendant

        V

STATE OF DELAWARE

Notice of Appeal

05-571

FILED
2006 SEP -7 PM 2:35
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned

Comes now, the defendant, Walter Smith, who appeals the decision
of the District Court of the State of Delaware. Regarding Petition
for Writ of Habeas Cories that was dismiss on July 31, 2006. By
the Honor Sue L. Robinson.    Civ No 05-571-SLR.

DATED: 8/28/06

Walter L. Smith
Walter L. Smith
1181 Paddock Rd
Smyrna, Delaware
19977

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No. _____ _____

Plaintiff - Appellee,

WALTER LEE SMITH

v.

Application for Certificate of
Appealability

Defendant - Appellant.

DISTRICT COURT OF
THE STATE OF DELAWARE

## NOTICE AND INSTRUCTIONS

Your application for a certificate of appealability will be evaluated by the court using these standards:

**Certificate of Appealability.** There must be a substantial showing of the denial of a constitutional right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. 28 U.S.C. § 2253(c); _Lennox v. Evans_, 87 F.3d 431 (10th Cir. 1996).

**FAILURE TO SET FORTH FACTS AND ARGUMENTS SHOWING THAT YOU MEET THE APPROPRIATE STANDARD WILL SUBJECT YOUR APPEAL TO DISMISSAL WITHOUT FURTHER NOTICE.**

You may use this form to furnish a statement of the case, the issues you intend to raise on appeal, and the reasons your appeal meets the applicable standards. The form is intended to guide you in meeting the above standards. If you need more space to answer, additional pages may be attached. The information you furnish, together with the full record of the proceedings in the district court, will be the basis for this court's decision. You should bear in mind that an appeal is not a retrial, but rather a **review** of the district court's judgment and record of proceedings.

## APPLICATION

1. **Statement of the Case.** (This should be a <u>brief</u> summary of the proceedings in the district court.) Petition for Writ of Habeas Corpus. Filed by petitioner Filed 8/05/2005. Case assigned to Judge Sue L. Robinson on 8/17/05. Order notifying petitioner that AEDPA applies to petition and petitioner must File attached election form with court. 8/24/05 On 8/39/05 Petitioner Filed AEDPA Election Form and requesting to Rule on 2254. (CONTINUE ON PAGE 6)

2. **Issues to be Raised on Appeal.** (New issues raised for the first time on appeal generally will not be considered.) 1. Their was insufficient evidence to convict the petitioner on attempted rape in the first degree.

2. Batson v Kentucky violation when prosecution excluded all African Americans from jury panel.

3. Denied the right to confront accuser

4. Lesser included offenses not given when evidence warrants it.

3. **Summary of Your Argument Showing that Your Appeal Meets the Standards Stated on Page 1.** ✱ PLEASE SEE PAGE (7) SEVEN ✦ thru (10) ten

4.  **Do you think the district court applied the wrong law? If so, what law do you want applied?**  THE DISTRICT COURT DISMISSED THE APPELLE'S WRIT DUE TO A INCORRECT TIME BARR. THAT WAS BASED ON A STATE PROCEDURAL GROUND. THE DISTRICT COURT FAIL TO CONSIDER OR ANSWER Petitioner's Argument on filing a timely Notice of Appeal.

5.  **Did the district court incorrectly decide the facts? If so, what facts?**  THE District Court INCORRECTLY decide the petitioner's Habeas Corpus was time barred. Without Considering the Incorrect Inferrence made by the Delaware Supreme. Court.

6.  **Did the district court fail to consider important grounds for relief? If so, what grounds?**  Please Review page's 11 - thru - 15

7.  **Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?**  The District Court dismissal was incorrect based on the fact that the court never answer or locked upon the timely filing of Notice of Appeal. which would have tolled the one-year period under Section 2244(d)(2). If the District Would have Consider the contentions brought Forth the Statutory Tolling would've Applied. Because the Delaware Supreme Court was clearly wrong.

8.  What action do you want this court to take in your case?

Review the merits of my claims and make the proper Ruling. The State court, being the last court to rule on the merits is clearly wrong.

9.  Were you required to seek and exhaust administrative remedies prior to filing your claim in district court? If yes, what steps did you take to exhaust those remedies?

On March 15 2002, Petitioner, WALTER L. Smith, was convicted by a Delaware Superior Court jury of attempt first degree Rape, burglary, and wearing a disguise during the commission of a felony. Petitioner's convictions and sentence were affirmed on appeal. Smith v State, 2002 WL 31873704. In Dec 2003, Petitioner moved the Superior Court for Postconviction under Criminal Rule 61. On April 7, 2004 Superior Court denied Petitioner's Motion. Petitioner appeal of the Superior Court's decision was dismissed incorrectly as untimely. See Smith v State, No 202. 2004 WL 1874668. Petitioner Federal Habeas Corpus is dated Aug 2, 2005

___August 29 06___
Date

___Walter L. Smith___
Signature

# CERTIFICATE OF SERVICE

I hereby certify that on _____August 29 2006_____ I mailed a copy of
                            (date)

the Certificate of Appealability:


to _Delaware Attorney General_, at _820 N. French St._

_Wilm, Del 19801_ _____, the last known address,
by way of United States mail or courier.


_____August 29 06_____        _____Walter J. Smith_____
Date                          Signature

continue statement of the case...

ON  9/2/05  Clerk serve by certified mail a copy of the Petition. the order dated 8/24/05, the AEDPA election form and this order upon the warden and the Attorney General. Within 45 days of Receipt, Respondents shall Respond as directed. On 10/20/05 First Motion for Extension of Time to file answer Re Petition For Writ of Habeas Corpus Filed by Thomas Carroll, Attorney General of the State of Delaware. 10/21/05 Certificate of Compliance Rule 9.1.1 filed by State of Delaware. Judge Grants Motion For Extension of Time on 10/21/05. Petitioner Filed sealed Memorandum of Law in Support of Writ of Habeas Corpus. Filed on 10/24/05

Response to Petition For Writ of Habeas by Thomas Carroll. Attorney General of State of Delaware. 12/02/ 2005. Motion to conduct Evidentiary Hearing, Motion to Appoint Counsel Filed by Petitioner on 1/30/05. Judge Sue L. Robinson denied without Prejudice to Renew Motion for hearing on 2/27/06.

Order denying Petition for Writ of Habeas filed by Petitioner was enter 7/31/2006. Court declines to issue a certificate of appealability. Petitioner Filed Motion for Reconsideration on 8/14/06 and to Alter or Amend the Judgement. Case Reopened on 8/14/06. Entered 8/15/06

## Summary of Argument

### Insufficient Evidence

THE DUE PROCESS CLAUSE REQUIRES the state to prove beyond a reasonable doubt every element of the crime with which defendant is charged. If the state fails, as it did in the case at bar, to produce sufficient evidence for any element. The Judge may direct a verdict in the defendants favor. In the present case the appellant was denied this constitutional requirements.

Under Delaware Law Appellee was indicted and charge with First degree Attempted Raped. 531 (2) 773 (A). To prove the elements of Attempted Intentional First degree Rape. The state had to prove, first that the Appelle intended to Rape the victim, and second that in furtherance of this intent he intentionally did or omitted to do anything which under the circumstances as he believed them to be, was a substantial step in a course of conduct planned to culminate in his commission of the crime.

THE evidence demonstrated unquestionably that the state failed to sustain its burden of production. It was the allege victim testimony that when she called 911 and said she was being raped only to get the police there faster. It was the allege victim's testimony that the person who came into her home was looking for something. Further testimony disclosed that the allege assailant never removed his clothes, never attempted to penetrate the allege victim with a penis, never laid on the allege victim, never said he wanted to engage in intercourse. Never at any time made any sexual penetrating - pelvic thrusting motions. The crime was un-interrupted, un-assisted, and fully advantageous to the allege assailant. THE Allege victim testified the assailant sat on her the entire time.

## Summary of Argument

__Baton Violation__

The use of Peremptory challenges to exclude persons from the Petit Jury based on their Race or Gender violates the Equal Protection Clause of the Fourteeth Amendments. In the case at bar the state continuelt Denied to excercise their right to challenge Prospect Jurors. continualt stating ... "The State would not Like To Excercise Its Peremptory challenges at this time"... the state would not like to excercise its Peremptory challenges at this time"...

Throughout this Process the defense used continualt its. forth Peremptory challenge to strike a Prospective white female Juror with a Law enforcement background. In excluding this Prospective Juror she was replaced by a Young African-American female. Thus causing the African-American female to be the only Prospective Black Juror in the venire Panel. The State now having the next oppertunity to excercise its Peremptory Challenges when declining to do so before immediately excluded the only Black juror seated on the Panel. Although similarly situated amongst the other jurors she was excluded, thus manifesting an inference of discrimination.

In Baton v Kentucky the Supreme Court outline a three step test for evaluating whether a Prosecutor use of Peremptory challenges is a Race based violation of Equal Protection. In the Present case the Appellee challenge the intentional racial discrimination use by the Prosecutor to secure a all white Jury. Establishing a Prima Facie case the Appelle being a Young African American male. satisfies the first Requirement. As respects to the second the only member of his racial group being a Young black African-American female, was intentionaly excluded immediately.

As Respects to the last Requirement. The fact that the Prosecution continously denied to use their strikes, while a all white Jury was impaneled. But once the Jury was compromised by the seating of this one black Juror. The Prosecution intentional discriminated against her by immediately striking her.

This causing the circumstances of the exclusion to raise an inference that the exclusion was based on race, In violation of the 14th & 6th Amendments.

## Summary of Argument

### Denied the right to confront accuser

The Sixth Amendment's Confrontation Clause provides a criminal defendant the right to directly encounter hostile witnesses, the right to cross-examine adverse witnesses, and the right to be present at any stage of the trial that would enable the defendant to effectively cross examine adverse witnesses. By Guaranteeing these rights, the Confrontation Clause serves to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in on adversarial Proceeding.

In the case at bar the Appelle was denied the right to confront several key states witnesses. Officer Barber who was the officer who arrival at the Crime scenes first and did the "Inital" Police reports admitted that he could not speak to the victim because of a language barrier. But he wrote vital statements and falsified several elements within the police report as if he talked to the victims but never did. Officer Barber admitted he never interviewed the victims but he allege in the Police Report some attempted to penetrate the victim with a penis.

When the defense attorney tried to question Off. Barber on this vital section of the Police Report. Judge Graves restricted the cross-examination. Even the alleged victim stated that no one ever tried to insert a Penis in her. But Judge Graves refuse to allow the defense to question any witness on this matter.

Lesser Included offenses
___ not instruct to jury

### Summary of Argument

THE COURT FAILED TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSES THAT WERE REQUESTED BY PETITIONER. THERE WAS AMPLE EVIDENCE PROVIDED AND SUPPORT THEREOF TO WARRANT SUCH LESSER CHARGES BE INCLUDED IN THE JURY INSTRUCTION. BUT THE COURT REFUSED TO INCLUDE THEM, AND THUS WAS IN ERROR OF LAW. THE COURT IS NOT OBLIGATED TO CHARGE THE JURY WITH RESPECTS TO AN INCLUDED OFFENSE UNLESS THERE IS A RATIONAL BASIS IN THE EVIDENCE FOR A VERDICT ACQUITTING THE PETITIONER OF THE OFFENSE CHARGE AND CONVICTING THE PETITIONER OF THE INCLUDED OFFENSE. 11. DEL. C. 206(c)

With the case at bar, the court was in error by not charging the jury with the lesser included offenses that were requested because their was a rational basis in evidence. On March 14, 2002 the Petitioner objected to the trial court not including all of the requested lesser included offenses on the grounds that their was sufficient reason for the jury to be instructed on the lesser included offenses.

Please review Petitioner's Memorandum of Law in Support of their Arguments.

10

Dismissal of Petitioners Habeas Petition was
clearly wrong

Petitioner argued within his habeas corpus that the Delaware
Supreme Court incorrectly inferred the time limitations thus causing
the statutory tolling of Section 2244 (d) (2) of AEDPA not to apply.
Petitioners 3354 Application, dated August 2, 2005, was subjected
to the one-year limitation period contained in 2244 (d) (1).
See Lindh v Murphy, 521 U.S. 320, 336 (1991) Accordingly the
one-year period of limitations began to run when Petitioner's
conviction became final under 2244 (d) (1) A.

Pursuant to 2244 (d) (1) A, if a state Prisoner appeals
a state court judgment but does not seek certiorari review, the
judgement of conviction becomes final upon expiration of the 90
day time period allowed for seeking certiorari review See
Kapral v United States 166 F.3d 565, 575, 577 (3d Cir 1999)
Here, the Delaware Supreme Court affirmed Petitioner's conviction and
sentence on December 23, 2002 and he did not seek certiorari.
Thus, Petitioner's conviction became final on March 23, 2003,
Smith 2002, WL 31873764, and to comply with the one-year
Limitation Period, Petitioner had to file his 3354 Application by
March 24, 2004.

A properly file state post-conviction motion tolls AEDPA's
Limitations Period during the time the action is pending in the
state courts, including any Postconviction Appeals. Swartz v Meyers
204 F.3d 417, 424-25 (3d Cir 2000) Petitioner filed his Postconviction
274 days after his conviction became final, he filed on Dec
24, 2003. The Superior Court denied the Motion on April
7, 2004. Petitioner appeal, but the Delaware Supreme Correct
Incorrectly dismissed the appeal as untimely.

11

The Petitioner's Rule 61 Motion tolls the limitations period from Dec 24, 2001 through Mar 7, 2001, the date on which the 30-day period for filing a timely Post-Conviction appeal expired. Consequently the Delaware Supreme Court incorrectly inferred the time limitations.

The Supreme Court noted in its August 13, 2004 decision on Page 2 paragraphs 4 and 5 that it adopted a General Rule for excusable neglect for untimely notice of Appeals attributed to Court-related Personnel. Also the limitation of time in 10 Del.C. § 146 does not APPLY against a defendant who is mentally incompetent Providing For excusable neglect. ( See Committee Commentary to Supr. Ct. Rule 6.)

Furthermore the Delaware Supreme Court Generally apply the rule of excusable neglect where an attorney fail to file a Notice of Appeal on behalf of a defendant within the 30-days allotted time period. The Supreme Court remedy this excusable neglect by Demanding the case back to the Superior Court for Re-Sentencing to Provide the defendant an additional 30-days extension to file a timely Notice of Appeal. See Gibson v State, Del. Supr. CT. No 94, 1995 Thus, the "incompetent person" rule of 10 Del. C. § 146 can be Applied to Persons Such as Petitioner who are acting Pro-se and was not Represented by competent counsel in the Court below. These legal terms Govern the Principles of excusable neglect under Federal law and the "General" Mail Box Rule" extending thereto as an equitable Remedy. See Fallen v United STATES, 378 U.S. 139, 84 S. CT. 1689, 12 L.Ed. 2d 760 (1964); Houston v Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L.Ed. 2d 245 (1988), United States v. Hooper, 9 F.3d 257 (2d. Cir. 1993) and Richard v Ray 210 F.3d 510 (6th Cir 2002).

In Reaching the conclusion of the excusable neglect rule the Federal court identified several concerns particular to the incarcerated petitioner without counsel: 1) the petitioner's inability to control the Notice of appeal after it has been delivered to Prison officals 2) the petitioner's lack of legal counsel to institute and monitor the process and 3) any incentive on the Part of the prison authorities to delay a Pro se petitioner's filing beyond an applicable time limit. Ray, 290 F. 3d at 812-813 (citing Houston v. Lack, at 270-272 108 S. CT. 2379). Thus the Delaware Supreme Courts implicit and explicit principle application of excusable neglect are consistent with the federal " bright line rule". Houston, at 275-276, 108 S.Ct. 2379.

The bright line rule must apply in this case where the Petitioner acting Pro se without "COMPETENT" legal counsel has no control over his notice of appeal after mailing it on May 5, 2004 (2) two prior to the due date of May 7, 2004, but however the Prison authorities confirm that they did not mail out any legal mail between May 1, 2004 and May 8, 2004, thus satisfying ANY INCENTIVE on the Part of the prison authorities ( respondent Carroll) to delay a Pro-se prisoner's filing beyond an applicable time limit.

Here, as in the cases cited above, prison officals admit that there was a defect in the outGOING mail service. Which could be easily seen between the date petitioner mailed his Notice of Appeal on May 5, 2004 and the date on which the clerk of the Delaware Supreme Court received it on May 13, 2004. some eight (8) days later and (2) seven days past the deadline of May 7, 2004.

So even if the Petitioner mailed his Notice of Appeal on May 1, 2004 ( 7-days in advance of the due date) it still wouldn't have been timely because Prison officals admitted that they neglected to Process any outgoing mail until May 8, 2004 — and this date is Questionable due to the Post Stamp of the Delaware Supreme Courts Receipt of the Notice of Appeal on May 13, 2004 five (5) days later.

THE Delaware Supreme Court incorrectly inferred that even if the mail was operating properly due to the amount of days the had Left ((2) two days ) it Probably wouldn't have gotten there in a timely manner. (Please Review Exhibit A-1 and Exhibit A-2) Petitioner has mail Previous "Notice of Appeal" to the Delaware Supreme Court and it was Recieved in (1) one day. Exhbit A-2 showing CLERK OF the Delaware Supreme court acknowledging and Granting Petitioner's Motion For Extension of time. This letter was received in (1) one to (2) two days coming From the Prison. This is evidence that the Delaware Supreme's Court decision was incorrectly inferred. If the Prison officals never neglected the outgoing mail based on Exhibits A-1 & Exhibit A-2 it wouldn't been timely filed.

Under Harris V Reed, 489 U.S. 255 (1989) and Coleman V Thompson, 501 U.S. 722 (1991) the Delaware Supreme Courts decision on whether or not Petitioner's notice of appeal was filed in a timely manner is Not based upon a sufficient Aplication of an adequate and independent State Court Procedural Rule.

Wherefore due to excusable neglect Rule under the exceptional circumstances shown above, the Petitioner shall be Permitted to Proceed on the merits of his claims for Relief on Certificate of Appealability.

IN THE SUPREME COURT OF THE STATE OF DELAWARE

WALTER SMITH                              *                , 2002
                                          *
        Defendant below,                  *
        Appellant                         *
                                          *
        V.                                *
                                          *
STATE OF DELAWARE,                        *        NOTICE OF APPEAL
                                          *
        Plaintiff below,                  *
        Appellee                          *

COMES NOW, the defendant, Walter Smith, by and through his attorney, Karl Haller, who appeals the decision of the Superior Court of the State of Delaware in and for Sussex County regarding trial on March 11, 2002 thru March 15, 2002 and the sentencing of May 10, 2002 by the Honorable T. Henley Graves. Criminal Action No. 01-05-0751, the defendant's I.D. No. 0105019765.

Dated:

Karl Haller
Assistant Public Defender
14 The Circle
Georgetown, DE 19947
I.D. No. 56

Exhibit A-1

SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*

DEBORAH L. WEBB
*Chief Deputy Clerk*

LISA A. SEMANS
*Senior Court Clerk*

May 21, 2004

#5
SUPREME COURT BUILDING
55 THE GREEN
P.O. BOX 476
DOVER, DE 19903
(302) 739-4155

Mr. Walter L. Smith
SBI #00246639
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

     RE:   ***Smith v. State***, No. 202, 2004

Dear Mr. Smith:

     The Court is in receipt of your letter dated May 19, 2004, requesting an extension to file the response to the notice to show cause, in the above captioned matter.  Please be advised that your request is granted.  The response to the notice to show cause should be filed no later than **June 7, 2004.**  The response should show cause why this appeal should not be dismissed pursuant to Supreme Court Rule 29(b) (copy enclosed).

               Very truly yours,

/eas

cc:   Kim E. Ayvazian, Esquire

*Exhibit A - 2"*

# *DELAWARE CORRECTIONAL CENTER*
# *SUPPORT SERVICES OFFICE*
# *MEMORANDUM*

*TO:*  Walter Smith _____ *SBI#:* 246439

*FROM:*  Stacy Shane, Support Services Secretary

*RE:*  <u>6 Months Account Statement</u>

*DATE:*  8/24/06 _____

Attached are copies of your inmate account statement for the months of
Feb 2006 _____  to  July 2006 .

The following indicates the average daily balances.

| *MONTH* | *AVERAGE DAILY BALANCE* |
|---------|-------------------------|
| Feb | $109.38 |
| Mar | $92.39 |
| Apr | $90.35 |
| May | $131.05 |
| June | $102.97 |
| July | $44.62 |

Average daily balances/6 months: $94.12

Attachments
CC:  File

Melissa McNatt
8/24/06

# Individual Statement

## For Month of February 2006

Date Printed: 8/23/2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $100.42 |
|-----|-----------|------------|-----|--------|------------------|---------|
| 00246639 | Smith | Walter | : | | | |

Current Location:  22

Comments:  QOHM

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | Pay To | Source Name |
|-----------|------|------------------------------|--------------|------------------|---------|---------|--------------|--------|-------------|
| Mail | 2/6/2006 | $30.00 | $0.00 | $0.00 | $130.42 | 218901 | 0339127405 | | S HACKETT |
| Canteen | 2/14/2006 | ($28.95) | $0.00 | $0.00 | $101.47 | 222359 | | | |
| Canteen | 2/28/2006 | ($4.92) | $0.00 | $0.00 | $96.55 | 228116 | | | |

Ending Mth Balance:    $96.55

Total Amount Currently on Medical Hold:  $0.00

Total Amount Currently on Non-Medical Hold:  ($5.16)

Individual Statement

Date Printed: 8/23/2006

For Month of March 2006

| SID | Last Name | First Name | MI | Suffix | Beg Mth Balance | |
|---|---|---|---|---|---|---|
| 00234659 | Smith | Walter | | | $96.55 | |
| Current Location: | 22 | | Comments: QOLAN | | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | Pay To | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Medical | 3/9/2006 | $0.00 | ($4.00) | $0.00 | $96.55 | 232878 | | | |
| Medical | 3/9/2006 | ($4.00) | $0.00 | $0.00 | $92.55 | 233520 | | 2/21/06 | |
| Canteen | 3/15/2006 | ($1.49) | $0.00 | $0.00 | $91.06 | 236967 | 2/21/06 | | |
| Canteen | 3/28/2006 | ($2.89) | $0.00 | $0.00 | $88.17 | 241617 | | | |

Ending Mth Balance: $88.17

Total Amount Currently on Medical Hold: $0.00

Total Amount Currently on Non-Medical Hold: ($5.16)

# Individual Statement

## For Month of April 2006

Date Printed: 8/23/2006

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $88.17 |
| --- | --- | --- | --- | --- | --- | --- |
| 00246639 | Smith | Walter | | | | |

Current Location:  22

Comments: QOHM

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | Pay To | Source Name |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Canteen | 4/11/2006 | ($8.09) | $0.00 | $0.00 | $80.08 | 247744 | | | |
| Mail | 4/17/2006 | $17.00 | $0.00 | $0.00 | $97.08 | 250073 | 9869253017 | | R SMITH |
| Canteen | 4/25/2006 | ($16.80) | $0.00 | $0.00 | $80.28 | 254482 | | | |
| Mail | 4/28/2006 | $30.00 | $0.00 | $0.00 | $110.28 | 256945 | 0535500792 | 1 | J OHNSON |

Ending Mth Balance:      $110.28

Total Amount Currently on Medical Hold:  $0.00

Total Amount Currently on Non-Medical Hold: ($5.16)

Date Printed: 8/23/2006

Page 1 of 1

# Individual Statement

## For Month of May 2006

| SBI | Last Name | First Name | MI | Suffix | Begin Mth Balance: | $110.28 |
| --- | --- | --- | --- | --- | --- | --- |
| 00216659 | Smith | Walter | ; | | | |

Current Location:    22    Comments: QOLIM

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | Pay To | SourceName |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Mail | 5/5/2006 | $25.00 | $0.00 | $0.00 | $135.28 | 260102 | 08229072306 | | C HOPKINS |
| Canteen | 5/9/2006 | ($27.25) | $0.00 | $0.00 | $108.03 | 260803 | | | |
| Mail | 5/19/2006 | $25.00 | $0.00 | $0.00 | $133.03 | 265863 | 0850680178 | T LAFATE | |
| Canteen | 5/23/2006 | ($29.53) | $0.00 | $0.00 | $103.50 | 266559 | | | |
| Mail | 5/25/2006 | $35.00 | $0.00 | $0.00 | $138.50 | 268505 | 4792436258 | A REDDEN | |

Ending Mth Balance:    $138.50

Total Amount Currently on Medical Hold: $0.00

Total Amount Currently on Non-Medical Hold: ($5.16)

## Individual Statement
## For Month of June 2006

Date Printed: 8/23/2006

Page 1 of 1

| SID | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $138.50 |
|---|---|---|---|---|---|---|
| 00246659 | Smith | Walter | | | | |

Current Location:  22

Comments: OOL4M

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Canteen | 6/5/2006 | ($23.18) | $0.00 | $0.00 | $115.32 | 275259 | | | |
| Mail | 6/8/2006 | $20.00 | $0.00 | $0.00 | $135.32 | 276991 | 4827805065 | | R. KINDLE |
| Pay-To | 6/16/2006 | ($60.00) | $0.00 | $0.00 | $75.32 | 280609 | | PATRICIA MILLER | |
| Canteen | 6/20/2006 | ($8.30) | $0.00 | $0.00 | $67.02 | 281209 | | | |
| Mail | 6/28/2006 | $15.00 | $0.00 | $0.00 | $82.02 | 284903 | 4820731581 | | A. REDDEN |

Ending Mth Balance:  $82.02

Total Amount Currently on Medical Hold:  $0.00

Total Amount Currently on Non-Medical Hold:  ($5.16)

# Individual Statement

## For Month of July 2006

Date Printed: 8/23/2006

| SID | Last Name | First Name | MI | Suffix |
|-----|-----------|-----------|-----|--------|
| 00246659 | Smith | Walter | | |

Current Location:  22

Comments:  QODUM

Beg Mth Balance:  $82.02

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | Pay To | Source Name |
|-----------|------|------------------------------|--------------|------------------|---------|---------|--------------|--------|-------------|
| Canteen | 7/5/2006 | ($24.90) | $0.00 | $0.00 | $57.12 | 286992 | | | |
| Canteen | 7/19/2006 | ($19.79) | $0.00 | $0.00 | $37.33 | 293382 | | | |
| Canteen | 7/25/2006 | ($12.45) | $0.00 | $0.00 | $24.88 | 297264 | | | |

Ending Mth Balance:  $24.88

Total Amount Currently on Medical Hold:  $0.00

Total Amount Currently on Non-Medical Hold:  ($5.16)

I/M Walter Smith

SBI# 246639 UNIT CUG ?

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

U.S.M.S X-RAY

Cleck of District Court

844 N. Kings St.

Wilm, Del

19801