Petitioners Motion to
Conduct Evidentiary Hearing
in Addition a Request for
Appointment of Counsel

Now comes the Pro-se Petitioner Walter L. Smith Sr. who respectfully request that this Honorable Court Conduct a Evidentiary Hearing on the merits of Ground three (3) of Petitioner's habeas Petition. Petitioner Smith states the following in Support of this motion:

In Petitioner Smith habeas Petition he requested an evidentiary hearing on the issue of Prosector's use of Peremptory Challenges in a discriminatory manner. (See Ground (2) Two of Habeas Petition)

1. Petitioner filed a Post Conviction Motion Pursuant to Rule 61 in the Superior Court of Sussex County on Dec 24 2003. Ground (3) Three within Post Conviction Motion Allege Impermissible use of race a basis for Peremptory challenges by the Prosecution along with other claims of constitutional merit. On April 7 2004 Judge T. Henley Graves denied Petitioners Postconvictions motion and all Grounds within, without following the Requirement mandated by BATSON v. KENTUCKY.

2. Trial Court in Rendering his decision to deny Petitioner's Post Conviction Motion Applied the Wrong Standard to Ground (2) of Petitioner's Motion; and as a consequence Petitioner was unable to obtain and Inspect the documents cited for the basis of the Courts decision relevant to issue in Question. Such as the voir dire, transcripts of jury selection, the Jury Profile sheet and Questionaire along with qualification forms. (See Supr. Ct. Ruling pg 2 & 3 in Memorandum of Law Exhibit A). Petitioner was also denied an opportunity to conduct discovery to gain access to relevant statistical evidence on systematic exclusion of black people from jury service in Prior criminal cases.

1

3. (see Super Ct. Ruling Pg 2 & 3) (Memorandum of Law Exhibit A)

In rendering his decision trial court did not adhere to the requirements of BATSON v Kentucky 476 U.S. 79 (1986). Trial Court stated the following in his decision Pg 2:

"The defendant's claim is based on the single use of a peremptory challenge of a African American. There is no basis to conclude a Batson violation occurred. Therefore there is no prejudice."

Contrary to the States Courts incorrect ruling see Jones v Ryan 987 F.2d 960, 974-75 (3d Cir. 1993) (Reversing denial of Petition of habeas corpus where race was a factor in exclusion of one juror) and Harrison v Ryan 909 F.2d 84, 88 (3d. Cir) cert. denied. 498 U.S. 1003 (1998) (holding that exclusion of one Black Juror from the jury on the basis of race is sufficient to require a new trial pursuant to Batson)

It is well settled within Constitutional Law that the use of peremptory challenges to exclude persons from the petit jury based on their race or gender violates the Equal Protection Clause of the Fourteenth Amendment. As held in BATSON v Kentucky the Supreme Court outlined a three-step test for evaluating whether a Prosecutors use of peremptory challenges is a race based violation of Equal Protection.

First Petitioner Smith had to establish a Prima Facie case of intentional racial discrimination by showing that:

1. the defendant is a member of a cognizable racial group. As here in Petitioners case Petitioner is African American.

2. The Groups members have been excluded from the defendants jury. As here in Petitioner's case on March 10 2002 the prosecution struck the only black seated on the defendants jury Panel thus securing a all white jury, and

2

3. The circumstances of the case raise an inference that the exclusion was based on race. In Petitioners case Prosecution struck a 80 yr old (white) female who could have been excused for cause due to age, an in addition the Prosecution denied the request to use other peremptory challenges until a black female juror was seated on the panel which would draw an inference of purposeful discriminatory conduct.

Once a Prima Facie showing of intentional discrimination is shown as here in Petitioner's Postconviction, the second step of BATSON shifts the burden to proponent of the peremptory challenge to offer a facially race-neutral explanation. As require by BATSON this explantion must be more than a mere affirmation of good faith or assumption that the challenge juror would be partial to the defendant because of their shared race.

And conclude the final step of BATSON the court must determine whether the explanation is facially race-neutral and whether the opponent of the peremptory challenge has proven purposeful racial discrimination. Judge T. Henley Graves failed to conduct such a inquiry as mandated by BATSON, Although Petitioner firmly establish a Prima Facie case.

5. The Petitioner can identify at least two (2) other trials prior to his where the prosecution in Sussex County eliminated all African Americans from the jury which involved the cases of Ralph Reed and Micheal Bartley. Petitioner dont have access to the exact citations of Mr. Reed and Mr. Bartley cases but these cases support purposeful discriminatory intent of the prosecution.

Clearly Petitioner never received the inquiry he was constitutionally entitled to have as mandate by BATSON, Also most recently reaffirmed by the Third Circuits decision in Riley v Taylor 277 F.3d 261 (3d Cir 2001) where purposeful discriminatory intent would invoke the three-step inquiry of BATSON. However the Superior Court never applied this governing principle of law to the Prima Facie case show here. Yet, the trial judge applied the wrong standard of law.. stating: "The defendant claim is based on the single use of a peremptory challenge of an African American. There is no basis to conclude a BATSON violation occurred".

3

6. In Townsend v Sain, 372 U.S. 293, 83 S.Ct. 745 9 L.Ed. 2d 770 (1963), the United State Supreme Court recognized that district courts have plenary authority to conduct evidentiary hearings (entirely) in their discretion, constrained only by those six occasions in which a hearing was required. See Cristin v Brennan 281 F.3d 404, 414 (3d. Cir 2002) Townsend at 313, 83 S.Ct. 745. Under Townsend, an evidentiary hearing was mandatory:

> If: 1. The merits of the Factual Dispute were not resolved in the state hearing; (2) the state Factual determination is not fairly supported by the record as a whole; (3) the fact finding procedure employed by the state was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. (Townsend; Id.; Cristin, at 414 N,9.)

7. For the exceptions of reason number 4, and 6 of Townsend 6-mandatory factors for granting of an evidentiary hearing the contemporaneous records, facts, issues, pleadings in the state courts in the appendix to petitions habeas petition in support for the grounds for relief therein meet the prerequisite requirements of all other aspects of numbers 1,2,3,5 of Townsend.

The State of Delaware can not produce any little of support to oppose the mandated required inquiry by reason. It's explicitly clear that petitioners rights were violated by court and an evidentiary hearing is the minimum requirement that should be awarded to petitioner due to the obvious injustice.

4

Wherefore for the cause shown above the court shall not delay in conducting an evidentiary hearing on a inquiry. Also because of the complexity of the issues at bar Petitioner Request For Counsel, be appointed.

Along with the need for discovery: subpoena of jury members excluded minority compositional of geographical area, and other discovery procedures.

Respectfully Submitted,

Walter L. Smith

Walter L. Smith Sr.; Pro-se
Delaware Correctional Center
1181 Paddock Road
   Smyrna, Delaware  19977

Dated: Dec 22 2005

5

# Certificate of Service

I, _Walter L. Smith_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion For Evidentiary Hearing and Appointment of Counsel_ upon the following parties/person (s):

TO: _Office of the Clerk United States District Court 844 N. King St. Lockbox 18 Wilmington, DeL 19801_

TO: _____

TO: _Elizabeth McFarland Dept of Justice State Office Building 820 N. French St. Wilmington, DeL 19801_

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977, postage to be paid by the Dept. Of Corrections.

On this _____ day of _____, 2003