IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER LEE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 05-571-SLR |
| ) | |
| THOMAS L. CARROLL, ) | |
| Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

At Wilmington this 13th day of November, 2006;

IT IS ORDERED that:

Petitioner Walter Lee Smith's "motion for reconsideration and to alter or amend the judgment" pursuant to Federal Rule of Civil Procedure 59(e) denying petitioner's § 2254 application is DENIED. (D.I. 23)

The purpose of a Rule 59(e) motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North

River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Here, the court denied petitioner's § 2254 application as time-barred. Petitioner's instant motion argues that the court erred in its statutory tolling calculation because the Delaware Supreme Court erroneously denied his post-conviction appeal as untimely. However, petitioner's statutory tolling argument does not warrant reconsideration of the court's decision because a federal court on habeas review cannot review a state court's alleged misapplication of a state law. See Estelle v. McGuire, 502 U.S. 62, 67-8 (1991).

Petitioner also contends that the limitations period should be equitably tolled because prison officials failed to mail his notice of appeal in his state collateral proceeding in a timely manner. However, petitioner does not support his allegations. Therefore, the court concludes that petitioner has failed to demonstrate a manifest injustice which needs to be corrected.

UNITED STATES DISTRICT JUDGE